D. W. C. DUNWELL, *et als.*, Appellants, *vs.* JOHN B. WARDEN, *et al.*, Respondents.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Upon a judgment by default, the affidavit showing that no answer had been received appeared to have been sworn to before service of the summons. *Held,* that the Court had power to amend the record by inserting the true date when the affidavit was sworn to, if the facts showed that the date named in the jurat was an error.

Several days after the hearing of a motion to amend, the moving party served additional affidavits on Defendants' Attorney, with a notice that the same would be submitted to the Judge to be read and used upon the motion; and the same were received and considered by the Court in determining the motion. *Held,* that this was erroneous, and that additional affidavits could only be received by first obtaining leave of the Court, or upon regular notice of motion, giving the opposite party opportunity to be heard thereon.

Points and Authorities of Appellants.

I.—The entry of judgment was wholly unauthorized and void ; because there was no proof filed with the clerk that no answer had been received within twenty days after the service of the summons.  *Comp. Stat.,* 555.  The affidavit filed purported to have been sworn to on the same day as the complaint, and before the summons was served.

II.—The Court has no authority to order its clerk to make erasures or interlineations in such official statements of independent officers as may be on its files.

III.—No amendment can operate *ex-post facto* to make a void judgment good.

IV.—There is no law requiring service of the answer on Plaintiffs' attorneys at their office.  It is enough if it be received at some other place ; and the affidavit does not state that one has not been thus received in due time.

Points and Authorities of Respondents.

I.—There was sufficient evidence before the clerk to authorize him to enter the judgment.  The fact that the affida-

vit purported to be dated prior to the service of the summons, and the party making it in good faith, making oath that "more than twenty days had elapsed since the service of the summons in said action upon said Defendants and each of them, and that no answer or demurrer to the complaint therein, or copy thereof had been served upon or received by the Plaintiffs' attorneys, nor left at their office in the City of Saint Paul, &c," was conclusive evidence to the clerk that the magistrate before whom the affidavit was made had made a clerical error in the date of the affidavit; and that the date of the affidavit was a clerical error, was made the more apparent by its being upon the same sheet of paper as the affidavit of disbursements, which bore date on the day of the filing of the paper in Court, which was on the twenty-first day after the service of the summons.

If the Court below erred at all it was in ordering a modification of the judgment, and we claim that the order of the Court below should be reversed, so far as it relates to such modification.

II.—The Court may at any time in its discretion correct any mistake or supply an omission in the pleadings and papers of a cause, or in its own proceedings. *Comp. Stat., page* 544, *sec.* 94.

And the Court must disregard any error or defect in the proceedings of a cause which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect. *Comp. Stat., p.* 544, *sec.* 96. And this without the aid of the Statute. 4 *Wend.,* 623, *Wilson vs. Gale;* 4 *Taun. Rep.,* 749; 11 *Moore,* 104; 7 *B. & C.,* 819; 3 *Bing.,* 334; 1 *Cains,* 9; 3 *How. Pr. Rep.,* 213, *Wight & Wight, vs. Alden & Agan.*

III.—The error being clearly clerical as shown by the affidavits of counsel, the party who wrote the affidavit upon which judgment was entered, and the magistrate before whom it was taken, (see *folio, p.* 37. to 52 *inclusive, of case,*) the parties can be no more prejudiced by it, than if the same error had been made by the clerk. It is not the date of the affidavit that fixes the right of the clerk to enter judgment, but the fact that the party had been summoned into Court

and had neglected and failed to appear and answer within twenty days after service.. *Kipp vs. Fullerton*, 4 *Min.*, 473; *Graham's Practice*, 2d *Ed.*, *Ch.* 23, *p.* 649 to 670 *inclusive.*

MASTERSON & SIMONS, Counsel for Appellants.

SANBORN & LUND, Counsel for Respondents.

*By the Court*—ATWATER, J.—The Plaintiffs took judgment by default against the Defendants November 5th, 1858. The summons and complaint were dated, (as appears from the paper book,) October 4th, and the complaint sworn to on the 5th of the same month. It further appears that the summons was served upon the Defendants upon the 8th and 15th of October, 1858.

On the 25th of April, 1861, an order was obtained on behalf of the Defendants, that the Plaintiffs show cause before the Hon. E. C. Palmer on the 27th of the same month, why the judgment and all subsequent proceedings should not be set aside and vacated. This order was based upon an affidavit, showing that there was no proof that no answer had been received, except an affidavit of Theodore French, one of Plaintiffs' attorneys, which appeared by the jurat to have been sworn to on the 5th day of October, 1858, some days before the summons was served.

After argument upon this order, leave was granted the Plaintiffs to move for an order amending the record, and the motion to vacate was held open until the 11th day of May, when the motion to amend was heard and submitted. This motion was made upon the affidavit of Charles C. Lund.

On the 30th day of May the attorneys for the Plaintiffs served on the attorneys for the Defendants two other affidavits, one by Philip A. Roche and the other by J. Mainzer, accompanied by a notice that "the affidavits hereto attached and served upon you, will be handed and submitted to the Hon E. C. Palmer, Judge of the above named Court, to be read and used upon the motion made by and on behalf of said Plaintiffs on the 11th day of May, 1861, at a special

term of said Court for an order amending the record in this cause."

On the 8th of June an order was made and filed denying the motion to vacate, and granting that to amend the record. From this order Defendants appeal.

The entry of judgment was clearly irregular, as the affidavit on which it was based was defective and did not show that no answer had been received within the time required by statute. But it was not necessarily void, and if in fact it was properly entered, we think it was competent for the Plaintiffs to show the fact; and that consequently the Court was right in entertaining the application for leave to amend, and in withholding its decision on the order to show cause until after the hearing of that application. *Section* 94, *page* 544, *Compiled Statutes*, confers upon the Court full power to correct mistakes of this nature, when it can be done in furtherance of justice. In this case there is no complaint on the part of the Defendants against the judgment on its merits, but only as to the regularity of its entry. While the Defendants are entitled to urge this objection the Plaintiffs have also the right to meet it, by showing that in fact the requisitions of the statute have been complied with; and the Court has the power to make the record correspond to the facts, when by so doing the ends of justice will be furthered.

But the submission of the additional affidavits of Roche and Mainzer by the Plaintiffs, on the 30th of May, after the hearing of the application to amend, and without leave of the Court, or opportunity to the Defendants to be heard thereon, was clearly irregular and unauthorized. These affidavits had an important bearing on the case, perhaps even more so than that of Mr. Lund, read at the hearing of the motion. They state facts showing that the word " October " in the jurat should have been " November," and from the opinion of His Honor, Judge Palmer, on file, it is manifest these affidavits were considered by him, and that his decision was based in part at least upon them. When a motion is made the opposing party has the right to know what affidavits and other papers and evidence will be used in support of it, that he may prepare to meet them by counter proof; and he

has also the right to be heard in argument upon the whole proofs when submitted.   To allow supplemental proofs to be introduced as these were, would deprive him of both these privileges.   The proper way to adduce additional evidence after the submission of a motion to the Court, is to apply for leave, which being granted, the additional papers should be served upon the opposite party, with notice that they will be presented to the Court at a time and place mentioned.   Or otherwise, by regular notice and service of papers, as on an original motion.   The adverse party will then be allowed the same opportunity to oppose them, that he enjoyed upon the first hearing in regard to the proof then introduced.

The affidavit of Mr. Lund may have been sufficient to satisfy the Court that the error in the record was a mere clerical one, but we cannot so determine.   The Court considered the incompetent proof, and as it was of an important nature, we cannot say it was not influenced thereby.   The order should therefore be reversed, but without prejudice to either party, or both, to renew their motions.