R. Susan Barker

*v.*

Geo. H. Keith.

When a judgment is set aside on the ground of irregularity in the entry of judgment, the order is appealable. But when it is set aside in order to grant relief to the defendant under Sec. 94, Ch. 60, Comp. Stat., it is within the discretion of the court, and will only be reversed in case of abuse of discretion.

In the absence of anything qualifying its meaning, the word "until" may perhaps be regarded as exclusive in its signification, but its import may be ambiguous, in which case its meaning will be determined from the whole text or instrument in which it is used.

A stipulation containing the following language : "That said defendant have until the 6th day of March, 1865, to answer herein, and no longer, and that in consideration of such extension of time to answer herein, the plaintiff shall have judgment in this cause for the amount claimed in the complaint herein without further notice, unless R. F. B. shall within the time above mentioned, and on or before March 6, 1865, apply to said court or to the judge thereof for leave to defend said action, and be allowed to come in and defend the same." *Held*, that the time for answering by the defendant included the 6th day of March, and the effect of the stipulation as to the defendant, was to waive further notice of judgment.

A defective service of an answer was made by the defendant within the time limited by the stipulation for answering, and the plaintiff entered judgment. *Held*, that an order setting aside the judgment and permitting the defendant to answer, was within the discretion of the court, and was not reviewable.

Judgment by default in this action was entered up in favor of the plaintiff, March 9, 1865, in the Ramsey County District Court. Before the time for answering had expired, the

Barker v. Keith.

defendant appeared in the action, by attorney, and a stipulation and agreement was entered into by the parties by their attorneys, February 10th, 1865, as follows : " That said defendant have until the 6th day of March, 1865, to answer herein, and no longer ; and that in consideration of such extension of the time to answer herein, the plaintiff shall have judgment in this cause for the amount claimed in the complaint herein, without further notice, unless one Rebecca F. Black shall within the time above mentioned, and on or before March 6, 1865, apply to said District Court, or to the judge thereof, for leave to defend said action, and be allowed to come in and defend the same." On said 6th day of March, the attorney for the defendant attempted to serve an answer to the complaint on plaintiff's attorney, by placing a copy thereof under the door to his office, said door being locked so that admittance to the office could not be obtained, which copy of answer was on the next day returned with objections to the same, and to the service, noted thereon. Afterwards, at a special term of said court, a motion was made on the part of defendant, to set aside said judgment, and that said answer be regarded as the answer of defendant in the case. This motion was granted by said court ; the plaintiff appeals from the order granting the same to this court.

MORRIS LAMHREY, for appellant.

I.   The judgment in this action was duly and properly entered and docketed in the District Court of Ramsey County, State of Minnesota, upon due notice, on the 9th day of March, 1865, in favor of said plaintiff and against the defendant below.   Comp. Stats. 627, Sec. 23.

II.   An attorney has full authority to bind his client in any of the proceedings in an action, by his stipulation or agreement in writing, and the defendant's attorney in this cause had expressly agreed and stipulated " in writing " on the 10th

Barker v. Keith.

day of February, 1865, with the plaintiff's attorney herein, that the plaintiff should have judgment for the amount claimed in his complaint herein, and precisely as the judgment was actually entered in this cause, unless one Rebecca F. Black should come in and defend the same by leave of court, prior to March 6th, 1865; and there is no pretence that Rebecca F. Black did come in and defend, or attempt to do so, in any way; but the affidavit of Mr. Grant shows that no answer or demurrer or copy of either was served upon him in this cause. The plaintiff, therefore, has a right to insist upon the stipulation; and the defendant is bound by it, and cannot escape it. The order of the District Court setting aside the judgment, and allowing the defendant herein to come in and answer, practically and actually sets aside and vacates the stipulation aforesaid without the shadow of a cause, and is clearly erroneous. The stipulation had the force of, and was, equally binding as a contract under the statute, and can no more be set aside or disregarded than a formal written contract. The plaintiff's attorney has done no more herein than he was expressly authorized to do by the stipulation, which has never been waived for a moment in any way. 6 Minn. 136; 7 Minn. 374; 7 Minn. 480; 8 Minn. 467; Ibid. 441; Ibid. 351; 4 Minn. 504; Comp. Stats. 667, Sec. 10; 5 Sand. 671; 2 Caines, 250.

III. The plaintiff was clearly entitled to her judgment against the defendant in this action as, and at the time, she caused the same to be entered; and no grounds are stated for setting the same aside. It must therefore be presumed that none existed. The statute does not require that the stipulation should be made a part of the judgment roll in such case, or in any case. Comp. Stat. 566, Sec. 75.

Lorenzo Allis & H. L. Moss, for respondent.

Plaintiff entered judgment by default, and defendant subsequently applied for leave to answer on a meritorious defence; leave was granted, and this appeal was taken from the order granting such leave.

1st. The granting of the leave to answer was wholly a matter of discretion, and will not be reviewed by this court.

2d. But on the hearing of the application to answer, the plaintiff produced a certain stipulation, the purport of which was to extend the time for answering to a day named, and allowing plaintiff to take judgment in case of failure.

The plaintiff insists that the court below erred in opening the judgment by default, and allowing defendant to answer, because of the existence of this stipulation.

It is a sufficient answer to this position, to say that the judgment opened was not entered on this stipulation, nor was any judgment ever entered on this stipulation, nor was this stipulation ever produced, or filed in court till it was produced upon the motion for leave to answer. The judgment entered was the ordinary judgment by default, and was entered in the ordinary way, and upon the ordinary showing.

Whatever, then, may be the construction and effect of this stipulation, it evidently has nothing whatever to do with this judgment, nor with the power of the court over it, nor with the action of the court in setting it aside.

It may be that the plaintiff has the right to enter judgment at any time on this stipulation. It will be soon enough to discuss that question when it arises.

It may be this stipulation, if pleaded by the plaintiff in her reply, will afford a complete bar to the defence of defendant's answer. But that question is not now before the court.

Upon the matter of this stipulation, however, it may be remarked that the facts show an evident intention and effort on the part of the defendant to answer before the time limited in the stipulation had expired, and the failure to do so was a *technical* failure, not a *real* one. That is to say, the defend-

Barker v. Keith.

ant made an actual effort to serve an answer within the time, as he construed it; an answer, too, which was meritorious; but his effort did not happen to be made in conformity with the rules of court. Hence there was a *technical* failure to answer in time. This plainly evinced the defendant's intention and wish not to allow judgment under the stipulation, nor to lose his right to answer.

Under this state of facts it can hardly be doubted that a court would relieve the defendant, even against his stipulation, when it should be called upon to do so.

*By the Court*—McMillan, J.—Where a judgment is set aside on the ground of irregularity in the entry of judgment, the order is appealable. *Dunnell et al. v. Warden et al.*, 6 Minn. 287. But when it is set aside in order to grant relief to the defendant under Sec. 94, Ch. 60 of the Comp. Stat., it is within the discretion of the court, and will only be reviewed in case of abuse of discretion. *Jorgenson v. Boehmer et al.*, 9 Minn. 181, and authorities cited. This case we think comes within the latter class of cases. It is true the affidavit upon which the motion is based, states facts which show an attempt to serve an answer, but the facts are so far from constituting a valid service, that we do not presume they were relied upon to show irregularity in the judgment, but rather to excuse the default of the defendant. This attempted service, however, we are of opinion, was made within the time limited by the stipulation for answering. The language of the stipulation is "that said defendant have until the sixth day of March, 1865, to answer herein, and no longer, and that in consideration of such extension of the time to answer herein, the plaintiff shall have judgment in this cause for the amount claimed in the complaint herein, without further notice, unless Rebecca F. Black shall within the time above mentioned, and on or before March 6, 1865, apply to said District Court, or to the Judge thereof, for leave to defend such action

Barker v. Keith.

and be allowed to come in and defend the same." In the absence of anything qualifying its meaning, the word "until" might perhaps be regarded as exclusive in its signification, but its import may be ambiguous, in which case its meaning will be determined from the whole text, or instrument in which it is used. *The King v. Stephen and Agnew*, 5 East. 250.

In this instance, if there was nothing to modify it, it would probably exclude the sixth day of March, but the subsequent language, "unless the said Rebecca F. Black shall within the time above mentioned, *and* on or before March 6, 1865, apply," &c., we think qualifies its signification. Here are two limitatations of the time for her appearance ; it must be "within the time above mentioned," and also "on or before the sixth of March." The sixth of March, therefore, must be within the time above mentioned, and the time above mentioned is the time allowed to the defendant to answer ; the word "until" must therefore be inclusive, and embrace the 6th of March, the day on which the attempt to serve the answer was made. If, therefore, the mode of the service had been proper, the service would have been good ; but as an effort was made to serve an answer in time, we think, under the circumstances, the motion was addressed to the discretion of the court, unless a further objection of the plaintiff is valid. It is urged that the stipulation has the force and effect of a contract, and that by its terms the defendant agreed that the plaintiff should have judgment for the amount claimed in the complaint, if the contingencies embraced in the stipulation did not transpire, and that the order of the District Court setting aside the judgment and permitting the defendant to answer, virtually annuls the stipulation.

As to the effect of stipulations in judicial proceedings, between the attorneys or parties in a cause, we express no opinion ; they are certainly not to be lightly disregarded. But we are unable to construe the terms of this stipulation as the plaintiff does. The language of the stipulation is, "that in

Barker v. Keith.

consideration of such extension of the time to answer herein, the plaintiff shall have judgment in this cause for the amount claimed in the complaint herein without further notice,"&c. We think the only effect of this language is to waive further notice of the proceedings to obtain judgment, to which the defendant's attorney, having giving notice of appearance in the action, was entitled. The consent of the defendant conferred no right on the plaintiff to take the judgment; *that* existed under the statute; nor did it add anything to the force or effect of the judgment. As long as it remains, it is the final determination of the rights of the parties. But by statutory provision, the court may at any time within one year after notice thereof, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. Com. Stat. Sec. 94, Ch. 60. There is certainly no express waiver of this right in the stipulation, and we think none can be reasonably implied from it. While the consent of the defendant might address itself to the court as going to disprove the existence of alleged grounds in support of the motion, it does not go to the jurisdiction of the court to entertain the motion. The judgment remains as any other judgment, under the control of the District Court. It was therefore within the discretion of the court to grant or deny the motion in this case, and the action of the court is only reviewable in case of abuse of that discretion. As no such abuse exists here, we think the appeal should be dismissed.