JACOB LEUTHOLD and others *vs.* JOHN YOUNG and others.

May 31, 1884.

**Voluntary Assignment—Action against Assignee by Adverse Claimant of Property.**—Where an action is brought by third persons against an assignee in a voluntary assignment for the benefit of creditors, to recover property of theirs which he has taken and claims to hold as such assignee, the assignment proceeding is not an action pending in respect to the cause of action alleged in the complaint.

**Same—Omission to obtain Leave to Sue not Ground for Demurrer.** The omission to obtain leave to sue a receiver or other officer of court, appointed by it to hold or administer property or an estate under its control and direction, is not ground of demurrer to the complaint.

**Same—Tender to Assignee for Lien held by Assignor.**—Where an assignor has a lien for storage of property in his possession, and which passes to the possession of his assignee in a voluntary assignment for the benefit of creditors, a tender of the amount due for storage to the assignee is good.

**Complaint asking Wrong Relief—Demurrer.**—Application of the rule that if a complaint shows plaintiff entitled to some relief, even though not that prayed for, it is not liable to a general demurrer.

Appeal by the defendants, Young, E. E. Fairchild, (his assignee,) the First National Bank of Kasson, and John Fern, from an order of the district court for Dodge county, *Buckham,* J., presiding, overruling their demurrers to the complaint. To the statement of the substance of the complaint in the opinion, it may be added that the complaint alleges the assignment from Young to Fern to have been made under and pursuant to the provisions of Gen. St. 1878, *c.* 41, § 23.

*Chas. C. Willson,* for appellants.

*Taylor & Moses,* for respondents.

GILFILLAN, C. J.[1] Appeal from an order overruling a demurrer to the complaint. The facts alleged in the complaint are, briefly: The defendant Young kept an elevator at Kasson, in which he received and stored for hire wheat of all grades, belonging to many persons,

---

[1] Dickinson, J., because of illness, took no part in this decision.

mingling the wheat of the various depositors together, and removing and shipping the same from time to time, and issuing for the wheat deposited storage tickets in the usual form. The bank defendant had an interest in the business of the elevator. The plaintiffs severally deposited wheat in the elevator for storage, and received and held the storage tickets therefor, the aggregate amount so deposited by them being 1664 30-60 bushels. Other parties also deposited wheat for storage and received therefor storage tickets, the aggregate amount of which is unknown to plaintiffs. On June 2, 1883, there being then in the elevator less wheat than sufficient to answer all the storage tickets then outstanding for wheat deposited, Young executed to the defendant Fairchild an assignment of all his property, in trust for the benefit of his creditors, and filed the same in the office of the clerk of the district court in the county of Dodge. Fairchild filed his acceptance of the trust, and thereupon took possession of the elevator and wheat therein, and holds the same, claiming it as such assignee.

The defendants, the bank, Fairchild, and Fern, claim to hold all the storage tickets issued to persons other than the plaintiffs, and there are no other claimants to the wheat than the parties to this action. The defendants have been paid in full for the wheat for which they claim to hold storage tickets. Before commencing the action plaintiffs severally tendered the storage due on their wheat, and demanded the same from Young, from Fairchild, and from the bank, and each refused to deliver it. There are other facts alleged in the complaint, important, perhaps, in respect to the extent of the relief to which plaintiffs are entitled, but not essential to the right to some relief. The complaint prays, among other things, for an accounting, and an adjustment of the rights of all the parties in the wheat.

The first objection taken here to the complaint is that, within the meaning of Gen. St. 1878, *c.* 66, § 92, there is another action pending between the same parties and for the same cause—to wit, the proceeding upon the assignment of Young. That proceeding is in the nature of a judicial proceeding; and if its purpose were to distribute the property of the plaintiffs among the creditors of Young, or to determine the title to the wheat and distribute it among those entitled to it, there would be something in the objection. But the proceeding

is one to appropriate only the property of Young to his debts. To determine adverse claims to property between him and others is not within its purpose. Such adverse claimants are not, so far as those claims are concerned, parties to the proceeding. Controversies of that kind must be prosecuted and determined in other actions or proceedings. So far as related to the wheat in the elevator at the time of the assignment, the plaintiffs were, *pro rata*, at least, owners of it, although they might be creditors of Young for any deficiency there was to satisfy their storage tickets. The case is that the assignee has taken and refuses to deliver to them their property, which he had no right to take or hold.

The next objection is that it does not appear that leave to sue the assignee was obtained from the district court. Although, to bring suit against a receiver or other officer of a court appointed to hold or administer an estate or property under its direction and control, for acts done as such officer, without leave of the court, is a contempt, the omission to obtain leave is not ground for demurrer. The statute does not mention it as a cause of demurrer, and it is not essential to nor a part of the cause of action. That is assumed to exist as a reason for granting leave to sue. The rule in the court of chancery is stated by Daniell, (1 Ch. Pr. *311:) "The omission to obtain such sanction is not a ground upon which a defendant to the suit can object to its proceeding."

It is next objected that the complaint does not state facts sufficient to constitute a cause of action, and, in support of this, two propositions are made: *First*, no right of action for the grain arises until the warehouseman's lien is discharged by payment or tender of the charge for storage, and that the tender alleged was of no effect, because the assignee had no authority to receive it; *second*, the plaintiffs had an adequate remedy by replevin.

Assuming a tender to have been necessary as a condition precedent to the bringing of the action, it was well made to the assignee; whatever was properly chargeable for storage was a debt due to the assignor, and the lien was only security for it. The debt passed by the assignment to the assignee, and it was his right and duty to collect and receive it, as in case of any other debt.

The facts alleged in the complaint certainly make out a cause of action. If it is one which entitles plaintiffs to a judgment for the possession of the wheat without any accounting, while the complaint prays for an accounting, etc., this does not make it liable to demurrer. If the facts show the party entitled to some relief, though improper or inconsistent relief be prayed for, a general demurrer will not lie. *Connor* v. *Board of Education,* 10 Minn. 352, (439;) *Lockwood* v. *Bigelow,* 11 Minn. 70, (113;) *Metzner* v. *Baldwin,* Id. 92, (150.)

Order affirmed.

[1] Dickinson, J., because of illness, took no part in this decision.