MARSHALL H. ALWORTH *vs.* JEMIMA SEYMOUR.

February 14, 1890.

Specific Performance — Agency — Mutuality — Contract for Personal Services.—*Held,* that the complaint does not state a case entitling the plaintiff to specific performance for the reasons—*First,* that the contract declared on did not create a power coupled with an interest, but a mere naked agency, which the defendant had the power to revoke at any time; *second,* that, as the contract calls for the future personal services of plaintiff, the performance of which the court has no power to compel, there is no mutuality of remedy.

Same—Prayer for Wrong Relief—Demurrer.—But, *held,* that a general demurrer to the complaint was properly overruled because it states facts entitling plaintiff to recover for services performed and money expended for defendant as her agent, and the fact that the wrong relief is asked is no ground of demurrer. Following former decisions.

Appeal by defendant from an order of the district court for St. Louis county, *Ensign,* J., presiding, overruling her demurrer to the complaint, the averments of which are in substance as follows: Defendant, who lives in Ontario, Canada, is the widow of one Patrick Seymour, late of Brainerd, in this state, who, while residing in this state, was known as Francis Seymour, and who died January 8, 1888, intestate, and seised of certain described lands in Brainerd and in Duluth, and

possessed of at least $3,000 in personal property. These lands were on April 12, 1889, and ever since have been, in possession of other persons claiming to own them, and defendant has never had the means wherewith to establish her title. Until June, 1889, the defendant had no knowledge nor any means of discovering the property left by her husband. Plaintiff's business is the making of abstracts of lands in St. Louis county, and examining and perfecting defective titles. On April 12, 1889, plaintiff, by letter, offered to defendant "to do all the work of looking up the property in which defendant has an interest, and settling it up, pay all expenses connected therewith, for defendant, without charge to her unless plaintiff should succeed therein; and, in case of success, defendant should divide the property or money obtained equally with plaintiff, first deducting from the gross proceeds the necessary expenses and disbursements of plaintiff therein." This offer the defendant accepted by letter, and the plaintiff thereupon entered on the work of discovering the property in which defendant has an interest, and retained attorneys to prosecute the litigation necessary to recover it. This work he has diligently pursued, and has performed services worth $100, and become liable to attorneys for $100 more, but the defendant now refuses to execute and deliver to him any power of attorney or other paper necessary for the further prosecution of his work under the agreement, which she has repudiated, and has given to another person a power of attorney to convey by warranty deed all her interests in Minnesota lands, which power has been recorded in St. Louis county. Defendant's interest in her husband's lands is worth $25,000; no part of it can be recovered except by litigation; defendant is wholly without means except such interest, and no part of the value of plaintiff's services or of the debt incurred by him has been paid. The prayer for judgment is that defendant be required to specifically perform the agreement; that she be enjoined from parting with any of her interest in her late husband's lands until plaintiff's expenses have been paid out of the property, and one-half the remainder of the property has been conveyed to him; and that his necessary disbursements and expenses be adjudged a lien on all defendant's interest in the lands.

*True & Wetherby,* for appellant.

*Draper & Davis,* for respondent.

MITCHELL, J.   The complaint in this action was evidently framed with reference to compelling specific performance of the contract declared on.   The point urged by defendant in support of her demurrer is that the contract is champertous.

1. It is not necessary to determine here whether or not the common law as to champerty is in force in this state, because there are at least two reasons why plaintiff cannot have specific performance in this case: (1) The contract did not create a power "coupled with an interest," but a mere naked agency, by which defendant employed plaintiff as her agent to perform certain services, as compensation for which he was to receive a share of the results of the execution of the agency.   It is not enough to constitute a "power coupled with an interest" that plaintiff was to have an interest in the proceeds arising from the execution of the agency.   There must be an interest in the thing itself which is the subject of the power, and not merely in that which is produced by the exercise of the power.   A power "coupled with an interest" is one ingrafted on an estate, or on the thing itself; and the power and the estate must be united and co-exist.   This could not be under this contract, for by its terms the plaintiff was only to have an interest in the property recovered through the execution of the agency.   It being, therefore, a case of a mere agency or naked power, the defendant had the *power* (as distinguished from the right) to revoke it at any time.   Of course if she revoked it without right, plaintiff would have his action for damages for breach of the contract, if a valid one.   Mecham, Ag. §§ 207–209; *Hunt* v. *Rousmanier,* 8 Wheat. 174; *Gilbert* v. *Holmes,* 64 Ill. 548; *Hartley's Appeal,* 53 Pa. St. 212; *Barr* v. *Schroeder,* 32 Cal. 609.   (2) But, even assuming that the contract created a "power coupled with an interest," still the court would not decree specific performance, because, from the very nature of the contract, it could not enforce complete performance by both parties.   In other words there is no mutuality of remedy.   It calls for the personal services of the plaintiff as agent for the defendant.   These services are as yet mainly unperformed.   The court has no power by its decree to compel him to perform them, much less to direct how he shall perform them; and

specific performance will not be decreed unless the court can at the time enforce the contract on both sides, so that the whole agreement will be carried into effect according to its terms. If this cannot be judicially secured on both sides it ought not to be compelled on one side, and the other party left at liberty to perform or not, or to perform in such a way as suits his own interests. Fry, Spec. Perf. § 440; Pom. Eq. Jur. § 1405, and notes; Pom. Spec. Perf. §§ 165, 166.

2. But, although the complaint does not state a case entitling plaintiff to the relief asked for, viz., specific performance, yet the demurrer was properly overruled, because it states facts entitling him to judgment for $200, the value and amount of his services and disbursements rendered and made or incurred in the execution of his agency. It is well settled by the decisions of this court that, if a complaint states facts constituting a cause of action entitling the. party to any relief, either legal or equitable, it is not demurrable because it asks for the wrong relief. *Canty* v. *Latterner,* 31 Minn. 239, (17 N. W. Rep. 385;) *Leuthold* v. *Young,* 32 Minn. 122, (19 N. W. Rep. 652.) There was nothing illegal in the character of the services contracted for. If there was anything unlawful, it was in the provision as to compensation. But, admitting that the contract was void, as champertous, it does not follow that plaintiff thereby forfeits his right to compensation for the services he has performed, and the disbursements he has made, for the defendant as her agent. *Stearns* v. *Felker,* 28 Wis. 594; *Thurston* v. *Percival,* 1 Pick. 415; *Rust* v. *Larue,* 4 Litt. (Ky.) 411; *Walsh* v. *Shumway,* 65 Ill. 471.

Order affirmed.