BAY VIEW LAND COMPANY v. JACOB R. MYERS and Others.[1]

Oct. 24, 1895.

Nos. 9361—(23).

**Mortgage Foreclosure—Sale of Separate Tracts.**

The mortgaged premises were described in the mortgage by government subdivisions, the mortgagor laid out and platted the same into city blocks and lots, and the assignee of the mortgage, pursuant to a stipulation in the mortgage, joined in dedicating the streets and alleys to the public, and released the same from the lien of the mortgage. Such assignee subsequently proceeded to foreclose the mortgage under the power, and threatened to sell the premises by such government subdivision. *Held,* each parcel wholly surrounded by such streets and alleys was so far a separate and distinct tract that the court could enjoin the sale of two or more of these tracts as one parcel.

**Partial Payment of Mortgage—Application—Partial Release.**

Under the provisions of this mortgage, *held,* as between the mortgagor and such assignee, certain partial payments should be applied first in payment of interest, and do not entitle the mortgagor to partial release of the mortgaged premises.

**Covenant by Mortgagee to Pay Prior Incumbrance—Failure to Perform—Right to Foreclose.**

In a purchase-money mortgage. the mortgagee covenanted to pay a prior incumbrance, which was on a part of the mortgaged premises when he conveyed them to the mortgagor. It was further provided that, if he failed to pay such prior incumbrance, the mortgagor might pay it when it came due, and apply the amount so paid as a payment on the mortgage. This incumbrance had not been paid by either party, and the mortgagee proceeded, under the power of sale, to foreclose the mortgage for a default in the same. *Held,* in an action to enjoin the foreclosure

[1] Reported in 64 N. W. 816.

sale, that the performance by the mortgagee of this covenant is not a condition precedent to his right to enforce the mortgage by foreclosure, either as to the whole of the mortgaged premises or as to the portion of the same covered by such prior incumbrance. But *held*, the mortgagee is entitled, on these facts, to an order of the court directing that the mortgaged premises be sold free and clear of the prior mortgage, and that, to accomplish this purpose, the proceeds of the sale be first applied in payment of such prior incumbrance.

**Demurrer Sustained.**

*Held*, the demurrer to the fifth cause of action should have been sustained.

Appeal by defendants from an order of the district court for St. Louis county, Ensign, J., overruling their separate demurrers to the first, second, fourth and fifth causes of action set forth in the complaint. Affirmed in part, and reversed in part.

*Walter Ayers*, for appellants.

*McCordic & Crosby* and *J. L. Washburn*, for respondent.

CANTY, J. This is an action brought to enjoin the foreclosure of a mortgage by advertisement under the power of sale, and such is the prayer of the complaint. The complaint purports to contain six separate causes of action, but whether or not, even if all the facts pleaded were material, the complaint would in fact state more than one or two causes of action, it is not necessary here to consider, as the point is not made; and we will treat as such each alleged separate cause of action. The defendants demurred to each of the six causes of action on the ground that it does not state facts sufficient to constitute a cause of action. The court below by its order sustained the demurrer to the third and sixth causes of action, and overruled it as to the other causes of action. From this order, defendants appeal.

1. The first cause of action alleges that, since the mortgage was executed, a specified portion of the mortgaged premises has been by the mortgagors laid out and platted into lots and blocks, and that the defendants, assignees of the mortgage, pursuant to a provision therein, joined in dedicating the streets and alleys in the plat to the public, and have released them from the lien of the mortgage; that the blocks and parts of blocks are separated from

each other by the streets and alleys, and are separate and distinct parcels. It is also alleged that defendants are proceeding to sell, and threatening to sell, the platted portion of the mortgaged premises "as acre property." We are of the opinion that the demurrer to this cause of action was properly overruled. Each parcel, wholly surrounded by the streets and alleys so released from the lien of the mortgage, is so far a separate and distinct tract that the court could enjoin the sale of two or more of these tracts as one parcel, and could direct the parcels in which the mortgaged premises should be sold. The facts stated were sufficient to entitle plaintiff to this relief.

· 2. The mortgage provides that plaintiff shall pay over to the mortgagee, as payment on the mortgage, 80 per cent. of the proceeds of all sales of any and all portions of the mortgaged premises sold by plaintiff. It also provides that plaintiff may have partial releases of specified portions of the mortgaged premises, on paying, in each case, a specified sum for the specified release. It is alleged in the complaint that, pursuant to these provisions, plaintiff has received from defendants releases of specified portions of the mortgaged premises, for which it has paid divers sums, aggregating $26,840; that, including these sums, it has paid them in all, as payments on said mortgage indebtedness at different times, divers sums, aggregating $69,355; and it demands that, under the provisions of the mortgage, the defendants release other specified portions of the mortgaged premises sufficient to exhaust the balance of this sum, amounting to $42,515.

The mortgage indebtedness was originally $206,700, which drew interest at the rate of 6 per cent. per annum, payable annually. This interest was running over $4\frac{1}{2}$ years before the commencement of this action, and it does not appear that any of it has ever been paid, unless these payments are so applied. In fact, plaintiff concedes that no other payments have ever been made, either on the interest or principal of the mortgage indebtedness. Neither does it appear that the mortgagor made any application of these payments at the time he paid them. Under these circumstances, we are clearly of the opinion that, as between the plaintiff and defendants, this balance of $42,515 should be applied first in payment of this interest. Whether there is any balance left after so applying

it, it is not necessary to ascertain. There certainly is not sufficient left to equal the amount of any one of the specified payments necessary to be made to procure any further partial release of the mortgage. The demurrer to the second cause of action should have been sustained.

3. By the fourth cause of action it is made to appear that this mortgage is a purchase-money mortgage, that there were several prior mortgages on portions of the premises when they were conveyed to plaintiff, and that those prior mortgages are recited in this mortgage, which then provides as follows: "All the foregoing mortgages with interest second party [mortgagee] hereby agrees to pay when due and have same discharged of record. In default of such payment by said second party, said first party [plaintiff] may pay same, and apply such amounts paid on deferred payments first becoming due." There is still unpaid, on one of these prior mortgages, the sum of $2,300, which is long past due.

It is contended by plaintiff that the payment of all sums due on those prior mortgages is a condition precedent to the right of defendants to enforce or foreclose this mortgage. After careful consideration of the question, we cannot agree with plaintiff. It is well settled that it is no defense to the foreclosure of a purchase-money mortgage that there is an outstanding incumbrance against which the mortgagee has covenanted in his deed of conveyance. 2 Jones, Mortg. §§ 1500–1505. Courts of equity are inclined to construe covenants such as the one in the case at bar as independent covenants, rather than conditional covenants, the performance of which is a condition precedent to the right to enforce the mortgage. In the case of Coursen v. Canfield, 21 N. J. Eq. 92, a covenant by the grantor "that he would immediately procure releases of their title from certain persons named, who were reputed to have some claim on the lands" was held to be no defense to an action to foreclose the purchase-money mortgage. In the case of Weaver v. Wilson, 48 Ill. 125, the grantor, as one transaction, conveyed a quarter section of land and another tract of 55 acres, and took a purchase-money note and mortgage to secure payment of the price of both tracts. The title to the tract of 55 acres was defective, and it was provided in the note and mortgage that the mortgagor should not be obliged to pay the sum thereby secured until the title to this

tract was perfected, which was never done. In a suit to foreclose, it was held that the contract was not so much an entirety that the condition was a complete defense, but the court held that it was a partial defense, to the extent of the proportion of the purchase price paid for the 55-acre tract, which should be determined by ascertaining the proportionate value of the two tracts. Whether we would hold as was held in that case, it is not necessary here to decide. The facts in that case were much stronger in favor of the mortgagor than are the facts in the case at bar.

In this case it is expressly provided that, "in default of such payment by said second party, said first party may pay same, and apply such amounts paid on deferred payments first becoming due." It seems to us that this provision indicates an intention not to make the performance of the covenant by the mortgagee a condition precedent to the right to enforce the mortgage, either as to the whole of the mortgaged premises, or as to the part covered by the prior unpaid mortgage.

But it does not follow from this that the plaintiff is not entitled to any relief whatever on this cause of action. Plaintiff has a right to know whether the portion of the mortgaged premises covered by the prior mortgage is to be sold subject to the prior mortgage, or free and clear of that mortgage, and such result accomplished by applying the proceeds of the sale in payment of the prior mortgage. There should be no ambiguity in this respect, by which bidders may be deterred from bidding at the sale. We are of the opinion that, under the circumstances of this case, plaintiff was entitled to an order of the court directing that the mortgaged premises be sold free and clear of the lien of the prior mortgage, and the proceeds of the sale be first applied in payment of the prior mortgage. See 2 Jones, Mortg. § 1698. It is true that no such relief as is here suggested is prayed for in the complaint; but that is no reason for sustaining the demurrer, if the facts alleged entitle the plaintiff to any relief. Alworth v. Seymour, 42 Minn. 526, 44 N. W. 1030. For these reasons, the demurrer to this cause of action was properly overruled.

4. The fifth cause of action alleges that the mortgaged premises are situated on a high bluff back of what is known as West Duluth, and inaccessible; that defendants, in order to induce plaintiff to purchase said land, represented to it that they had organized a rail-

way company, called the "Duluth Incline Railway Company," for the purpose of constructing an incline railway up the side of said bluff to said premises, and intended to and would construct the same. It is further alleged that this railway company entered into a contract with plaintiff, which is set out, and by the terms of which it agreed, for certain considerations, to furnish adequate transportation for passengers and freight up said hill, to and from these premises, for a certain number of years. It is further alleged that both the railway company and defendants have wholly failed to perform this contract, and that plaintiff has been damaged in the sum of $200,000, and that defendants are the principal parties in interest, and the principal stockholders in this corporation, owning all but a few shares of the stock. There are many reasons why this count in the complaint states no cause of action, but we will enumerate only a few. No cause of action for fraud can be predicated on false representations as to what the defendants intend to do in the future. Even if the railway company has failed to perform its contract, a cause of action against it cannot be set up against these defendants. The demurrer to this cause of action should have been sustained.

This disposes of the case. The order appealed from should be affirmed, so far as it overrules the demurrer to the first and fourth causes of action, and reversed so far as it overrules such demurrer to the second and fifth causes of action. So ordered.