FRED E. KENASTON v. NICHOLAS LORIG and Others.[1]

December 3, 1900.

Nos. 12,283—(95).

**Foreclosure of Mortgage—Sheriff's Certificate of Sale.**

The executors of a deceased mortgagee attempted to foreclose a real-estate mortgage by advertisement, but the sheriff sold the premises, and executed his certificate of foreclosure sale to "the estate of A. H., deceased," which was named therein as grantee. *Held*, that the foreclosure was never completed by a sale of the premises to any person or legal entity capable of purchasing them and of holding the title thereto, and was therefore void.

**Mortgage—Partial Payments—Statute of Limitations.**

A partial payment which prevents the running of the statute of limitations against the mortgage debt will also prevent the statute from running against an action to enforce the mortgage security. The question whether the same rule applies to the foreclosure of a mortgage by advertisement is left open.

**Pleading—Plaintiff Entitled to Relief—Demurrer.**

No matter what the form of the action or the prayer of the complaint may be, if the facts alleged show that the plaintiff is entitled to any substantial relief the complaint is good as against a general demurrer.

**Complaint Good.**

Rule applied and *held* that the complaint in this case states a cause of action for the foreclosure of the mortgage in question.

Appeal by plaintiff from an order of the district court for Houston county, Kingsley, J., sustaining the demurrer of defendants Nicholas Lorig and Katherine Lorig to the complaint. Reversed.

*Brown, Reed, Merrill & Buffington,* for appellant.

If the complaint shows facts entitling plaintiff to some relief, even though not that prayed for, it is not subject to general demurrer. Leuthold v. Young, 32 Minn. 122; Connor v. Board of Education, 10 Minn. 352 (439); Cressey v. Gierman, 7 Minn. 316 (398); Metzner v. Baldwin, 11 Minn. 92 (150); First Div. St. P. & Pac.

[1] Reported in 84 N. W. 323.

R. Co. v. Rice, 25 Minn. 278; Montgomery v. McEwen, 7 Minn. 276 (351); Alworth v. Seymour, 42 Minn. 526, 529; Canty v. Latterner, 31 Minn. 239; Wright v. Wright, 54 N. Y. 437; Pomeroy, Rem. & Rem. R. 84–94, 644. The former foreclosure was valid notwithstanding it was not completed within fifteen years after the maturity of the mortgage debt. The statute was tolled by the partial payments so as to preserve the remedy. Corson v. Cochran, 52 Minn. 67; Austin v. Barnum, 52 Minn. 136; Hill v. Gregory, 64 Ark. 317.

*W. H. Harries*, for respondents.

The action is in the nature of ejectment. If the foreclosure was valid, plaintiff is entitled to no relief. Gillett v. Treganza, 13 Wis. 472; Monette v. Cratt, 7 Minn. 176 (234). Payments do not toll the statute in case of foreclosure by advertisement. G. S. 1894, § 6028; Duncan v. Cobb, 32 Minn. 460; Iowa v. Day, 63 Iowa, 459; Lockett v. Hill, 1 Woods, 552. None but a legal being can purchase or be invested with the title to real estate. It is essential to a valid conveyance that there should be a grantee capable of taking. Douthitt v. Stinson, 63 Mo. 268; Jackson v. Cory, 8 Johns. 301; Sloane v. McConahy, 4 Ohio, 157; McInerney v. Beck, 10 Wash. 515; Simmons v. Spratt, 26 Fla. 449.

START, C. J.

This is an appeal from an order sustaining the general demurrer of the defendants Nicholas and Katherine Lorig to the complaint.

The material allegations of the complaint are to the effect following: The defendants Lorig are and were on December 21, 1882, husband and wife, and on that day they executed to Anthony Huyck their promissory note, and thereby, for value received, promised to pay to him or his order $1,200 on December 21, 1883, with interest at the rate of seven per cent. per anum until paid. At the same time they duly executed a mortgage to the payee of the note on the real estate described in the complaint, then owned by the defendant Nicholas, to secure the payment of the note and interest according to its terms. The mortgage was in the usual form, and contained the usual power of sale, and was duly recorded in the office of the register of deeds on December 23, 1882. No part of the note or the interest thereon has ever been paid, except the sum of $485, paid

February 8, 1886; $40, January 8, 1889; $100, September 6, 1890; $60, July 21, 1894; $50, February 3, 1897; and $100, December 18, 1898. Each and all of these payments were made by the defendant Nicholas for and on account of the indebtedness due on the note at the dates respectively stated. The mortgagee in the year 1898 died testate, and on April 18, 1898, his will was duly probated, and executors thereof appointed by the probate court of the county of Freeborn, in this state.

On November 30, 1898, there was due and unpaid on the note $1,753.94, and the executors proceeded to foreclose the mortgage by advertisement pursuant to the power of sale. The notice of foreclosure sale was served and published as required by law, and on January 24, 1899, the mortgaged premises were sold pursuant to such notice by the sheriff to such executors, and the usual sheriff's certificate of foreclosure sale was executed to "the estate of Anthony Huyck, deceased," as grantee. It was stated in such certificate that the premises were sold to such estate. The certificate was recorded in the office of the register of deeds of the proper county. No other or different proceedings have ever been commenced or had for the collection of the mortgage debt or for the foreclosure of the mortgage. The note, mortgage, and certificate of sale were duly sold, assigned, and delivered to the plaintiff on January 20, 1900, and the assignment thereof was duly recorded on February 15, 1900. No redemption has ever been made from such foreclosure sale, and the mortgagors are now in possession of the mortgaged premises. The defendant Harries claims some interest therein which is subject to the mortgage and the foreclosure thereof. The plaintiff demanded judgment against the defendants for the possession of the premises, and that he be adjudged the owner thereof, and for such other and further relief as might seem just and equitable in the premises.

The defendants urge in support of their demurrer that the facts alleged in the complaint show, as a matter of law, that the attempted foreclosure was never completed by a sale of the premises to any person or legal entity capable of purchasing them, and being vested with the title thereto which the sheriff's certificate of sale purported to convey; hence the foreclosure is void, and the plaintiff is not the owner of the mortgaged premises. This is unquestionably correct.

A. grantee is as necessary to the validity of a grant as that there should be a grantor. There was no grantee in the certificate of sale. "The estate of Anthony Huyck, deceased," is neither a person nor a legal entity; for the estate of the deceased person signifies the property of every kind left by him at his death, and nothing more. The foreclosure was for the reason stated void. German L. Assn. v. Scholler, 10 Minn. 260 (331); Allen v. Allen, 48 Minn. 462, 51 N. W. 473; Society of Most Precious Blood v. Moll, 51 Minn. 277, 53 N. W. 648; McInerney v. Beck, 10 Wash. 515, 39 Pac. 130.

The further objection is made to the foreclosure that it is void for the reason that it was an attempt to foreclose a mortgage by advertisement more than fifteen years after the maturity of the mortgage. See G. S. 1894, § 6028; Archambau v. Green, 21 Minn. 520; Duncan v. Cobb, 32 Minn. 460, 21 N. W. 714. It is unnecessary to decide this question in order to dispose of this appeal. The question whether a mortgage containing a power of sale may be legally foreclosed by advertisement fifteen years after its maturity, as disclosed by the record, if partial payments have been made on the mortgage debt or the time of its payment extended by the contract of the parties, is too important and far-reaching to be the subject of an obiter dictum. We express no opinion as to the question.

The conclusion insisted on by the defendants, that the complaint does not state a cause of action, by no means follows from the premises that the attempted foreclosure was void. While the complaint shows that such is the case, it also shows that an action to foreclose the mortgage is not barred by the statute, and that the plaintiff is entitled to maintain such an action. The statute (G. S. 1894, § 5141) providing that actions to foreclose a mortgage shall be brought within fifteen years after the cause of action accrues was tolled in this case by the partial payments and the remedy by action preserved. A partial payment, which prevents the running of the statute of limitations against the mortgage debt, will also prevent the statute from running against an action to enforce the mortgage security. G. S. 1894, § 5154; Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130.

Now, eliminating from the complaint as surplusage the allega-

tions as to the void foreclosure, those remaining state facts sufficient to constitute a cause of action for the foreclosure of the mortgage in court. Every fact essential to support a judgment of foreclosure of the mortgage and a sale of the mortgaged premises is alleged in the complaint; therefore it states a cause of action, and it was error to sustain the demurrer.

The defendant, however, urges that the cause of action intended to be alleged was in the nature of an action of ejectment, and that the plaintiff cannot evade the force of the demurrer by abandoning such cause of action, and claiming that the allegations of the complaint are broad enough to sustain an action of an entirely different character. If the plaintiff had simply prayed in his complaint that it be adjudged that the foreclosure was void, and for a judgment of foreclosure of the mortgage and a sale of the premises, it would be too obvious to justify any discussion of the question that the complaint stated a cause of action. But the fact that the complaint demanded both legal and general equitable relief, and that the alleged facts show that he is entitled to the latter, and not to the former, cannot change the conclusion that the complaint states a cause of action. No matter what the form of the action or the prayer of the complaint may be, if the facts alleged show that the plaintiff is entitled to any substantial relief, the complaint is good as against a general demurrer. Leuthold v. Young, 32 Minn. 122, 19 N. W. 652; Alworth v. Seymour, 42 Minn. 526, 44 N. W. 1030; Bay View Land Co. v. Myers, 62 Minn. 265, 269, 64 N. W. 816.

Order reversed.