JAMES L. LOVERING v. WEBB PUBLISHING COMPANY.[1]

October 30, 1908.

Nos. 15,818—(193).

**Complaint—Demurrer.**

A complaint, whether framed as a bill in equity or otherwise, regardless of the prayer for relief, is good as against a general demurrer, if the facts alleged show that the plaintiff is entitled to any substantial relief.

**Pleading.**

Ultimate facts only need be alleged in a pleading.

Action in the district court for Ramsey county for an accounting between plaintiff and defendant, for the purpose of ascertaining the accurate number of copies of a certain periodical printed by defendant for plaintiff, pursuant to its contract, and also to determine all sums which plaintiff has paid defendant on account of the contract and that plaintiff have judgment against defendant for the amount in excess of the amount due defendant which plaintiff has paid. From an order, Kelly, J., overruling its demurrer to the amended complaint, defendant appealed. Affirmed.

*B. H. Schriber,* for appellant.
*William G. White,* for respondent.

ELLIOTT, J.

This is an appeal from an order overruling a general demurrer to the complaint, and the sole question is whether the complaint states facts which entitle the plaintiff to any substantial relief.

It is alleged in substance that the plaintiff, being the owner and publisher of a certain monthly publication which was regularly mailed to subscribers in the city of St. Paul, entered into a contract with the defendant whereby the defendant covenanted, contracted, and agreed with the plaintiff that it would print said monthly publication and mail and deposit the same and all copies thereof in the United States post office at the city of St. Paul; that it would render month-

[1] Reported in 118 N. W. 61.

ly vouchers, showing correctly the number of copies thus printed and mailed during each week, so long as the contracts remained in force; that it rendered monthly invoices, purporting to show the correct number of copies printed and mailed each month; that plaintiff accepted the same, believing them to be correct, and from time to time made payments thereon to defendant on account; that the amounts thus paid were greatly in excess of the amount due in payment of the actual and correct number of copies printed and mailed by defendant pursuant to said contract; that the invoices were not correct statements of the number of copies printed and mailed each month, but that they contained an amount greatly in excess of the actual number of copies in fact printed and mailed; that said excess aggregated nearly two million copies, and that the payments made to defendant under said contract and in reliance on said incorrect statements amounted to at least $12,000; that upon discovering that the statements were incorrect the plaintiff demanded correct statements and the repayment of the money thus overpaid, which was refused. The prayer is for an accounting in order to ascertain the true number of copies printed and mailed and the amount of the overpayment, and for judgment therefor, and for such other and further relief as to the court may seem meet and proper.

The appellant contends that no accounting can be had upon such facts, that the complaint does not allege facts sufficient to constitute an action at law, and, even if it does, it is demurrable, because it is framed as a bill in equity, and does not allege facts sufficient to entitle the plaintiff to equitable relief. We think the facts alleged entitle the plaintiff to some relief. It is not at all material whether the pleading is called a bill in equity, as, no matter what the form of the action or prayer of the complaint, if the facts alleged show that the plaintiff is entitled to any substantial relief, the pleading is good as against a general demurrer. Leuthold v. Young, 32 Minn. 122, 19 N. W. 652; Dye v. Forbes, 34 Minn. 13, 24 N. W. 309; Kenaston v. Lorig, 81 Minn. 454, 84 N. W. 323.

But it is very earnestly contended that the pleading does not state facts which entitle the plaintiff to any relief whatever, because it contains only conclusions of law, instead of allegations of fact. The objection is not well taken. It is true that facts and not conclusions

must be stated in a pleading, but only ultimate facts need be alleged. The pleader is not limited to the statement of pure matters of fact; that is, facts unmixed with matters of law. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75; Curtiss v. Livingston, 36 Minn. 380, 31 N. W. 357. This pleading might well have been made more definite and certain. The facts might have been stated with greater detail, but we nevertheless are of the opinion that the ultimate facts stated are sufficient to sustain an action for money had and received, and the demurrer was therefore properly sustained.

Order affirmed.