## ARTHUR W. MOGREN v. WILLIAM FINLEY.[1]

December 2, 1910.

Nos. 16,715—(66).

**General demurrer to complaint — partial relief.**
    The general rule that, where the allegations of a complaint entitle the

[1]Reported in 128 N. W. 828.

plaintiff to any specific relief, a general demurrer thereto will not be sustained, even though plaintiff may not be entitled to all the relief demanded, followed and applied.

Action in the district court for Ramsey county to cancel as to plaintiff a contract for the purchase of land and a promissory note given therefor, to cancel a bill of sale of a certain stock of groceries and store fixtures, and to recover the sum of $836.35, the value of his share of that stock. The material allegations of the complaint are stated in the opinion. From an order, Kelly, J., overruling defendant's demurrer to the amended complaint, defendant William Finley appealed. Affirmed.

*C. D. & R. D. O'Brien* and *Burt M. King,* for appellant.
*James Cormican,* for respondent.

BROWN, J.
Appeal from an order overruling a general demurrer to plaintiff's complaint. The complaint states the following facts:

In December, 1907, plaintiff, a person under the age of twenty-one years, entered into a copartnership agreement with defendants Orville and Malvin Erickson to engage in the grocery business in the city of St. Paul. Plaintiff contributed $1,000, and each of the Ericksons $250. The Ericksons are adult persons. Thereafter the firm commenced the business for which the partnership was formed, and continued to operate the same until August, 1908, when the partnership was dissolved by a sale of the business and fixtures to defendant Finley. The assets of the firm at this time were of the value of $1,254.53; and $836.35 was agreed between the partners as the value of plaintiff's share thereof, and $209.09 as the share of each of the Ericksons. The sale to Finley was concurred in by all the parties, the purchase price being $1,254.53, in payment of which defendant Finley entered into an executory contract for the sale to the individual parties of a tract of land in Kanabec county, the purchase price of which was $3,086, upon which the value of the grocery stock was credited. For the payment of the balance, $1,831.47, plaintiff and the Ericksons made and delivered to defendant Finley

their joint promissory note, payable on or before ten years, with interest at five per cent. per annum. Plaintiff was at the time of these transactions an infant. In June, 1909, immediately on coming of age, plaintiff disaffirmed all the transactions, the sale of the grocery business, and the executory contract for the sale of the land, tendered a release of any interest possessed by him in such contract and the land, and demanded a cancellation or surrender of the promissory note given defendant, and for the payment to him of his share of the value of the grocery stock.

His demand being refused, he brought this action to cancel the instruments referred to and to recover the money stated. The demand for judgment is (1) that the land contract and promissory note be canceled and declared void as to the plaintiff; (2) that the sale of the grocery stock be set aside as to plaintiff; and (3) that he have judgment against defendant Finley for $836.35, the value of plaintiff's share in the grocery.

Counsel for defendant raise and discuss in their brief the question whether an infant member of a copartnership, composed of himself and adult persons, may disaffirm, on reaching his majority, a sale during his minority of the copartnership business, and recover back the stock or his interest therein from the purchaser. We need not consider this question at this time.

Defendant interposed a general demurrer to the complaint, and it was properly overruled by the trial court, if plaintiff is entitled to any relief in the action. That he is entitled to relief, other than a recovery of his share of the grocery stock, is quite clear. The contract for the purchase of the land was entered into by the partners as individuals, and the promissory note given by them for the balance of the purchase price is their individual, and not partnership, obligation. The partnership was dissolved when the business for the conduct of which it was formed was sold and disposed of to defendant Finley, and they thereafter no longer stood in the relation of copartners. That plaintiff had a right to repudiate the executory land contract is clear. 22 Cyc. 546, 547.

It follows, therefore, that, whatever may be the result of his claim to recover his share of the grocery stock, plaintiff is entitled to be re-

lieved from the land contract, in so far as it remains executory, and also the promissory note. Being entitled to this relief, the demurrer was properly overruled, whether he is entitled to all he claims or not. Lovering v. Webb Publishing Co., 106 Minn. 62, 118 N. W. 61; Vukelis v. Virginia Lumber Co., 107 Minn. 68, 119 N. W. 509.

Order affirmed.

O'BRIEN, J., took no part.