STATE OF MINNESOTA ex rel. JAMES J. WISE v. ROBERT JAMISON.[1]

October 21, 1897.

Nos. 10,679—(16).

| 69 | 427 |
| 72 | 36 |

| 69 | 427 |
| 78 | 467 |

Divorce—Judgment for Alimony—Validity—Contempt.

In an action for a divorce against the relator by his wife, judgment was entered in favor of the wife for a divorce absolute. and for the payment of permanent alimony. It appears on the face of the judgment roll that the relator had no property at the time of the entry of the judgment, but was earning $150 to $200 a month. The relator refused to obey the judgment as to alimony, and, in proceedings to punish him for contempt in disobeying the judgment, he attempted to purge himself on the ground that the judgment was void. Held, following Wilson v. Wilson, 67 Minn. 444, that the judgment was erroneous; but held, further, that it was not void, and that the relator was rightly found guilty of contempt.

Certiorari to review an order of the district court for Hennepin county, Jamison, J., adjudging relator guilty of contempt. Affirmed.

*Fred C. Cook*, for relator.

*Welch, Hayne & Hubachek*, for respondent.

START, C. J.

Certiorari, on the relation of James J. Wise, against the respondent, as judge of the district court of the county of Hennepin, to review an order punishing the relator for contempt of court.

The record discloses the following facts: A divorce action pending in the district court of Hennepin county, wherein Eliza G. Wise was plaintiff and the relator, James J. Wise, was defendant, was tried on September 24, 1896, both parties appearing. The trial court made its findings of fact, and, among others, that the defendant had no property, but was in good health, and was receiv-

[1] Reported in 72 N. W. 451.

ing a salary of $150 to $200 per month, and, as a conclusion of law based thereon, that he pay to the plaintiff, as permanent alimony, $30 per month for the first year, and $25 per month for the second year, and no longer. Judgment was duly entered accordingly on September 25, 1896, and for a divorce absolute in favor of the plaintiff. After the time for appealing from this judgment had expired, and on May 1, 1897, no appeal having been taken, the relator made a motion in the district court to modify this judgment by striking therefrom each and every part thereof relating to the payment of permanent alimony by the relator to the plaintiff, on the ground that so much of the judgment was unauthorized, he having no property at the time of the trial or since. The motion was denied. Afterwards, on June 29, 1897, upon a hearing duly had upon an order to show cause why he should not be punished for contempt in disobeying the judgment of the court touching the payment of such alimony, the relator was, by an order of the court, adjudged to be in contempt, and to be imprisoned in the county jail until he complied with the judgment of the court. Thereupon the relator brought the record to this court by certiorari to review the order.

The relator assumes, and the respondent does not question the assumption, that the order adjudging him guilty of contempt is not appealable. The cause has been submitted on the merits by both parties without objection, and we shall dispose of it in like manner; but we are not to be understood as holding that the order is not appealable, and therefore it can be reviewed by certiorari.

The relator contends that the judgment, so far as it relates to permanent alimony, is void, and that he cannot be punished for disobeying it. This contention was based upon the decision of this court in the case of Wilson v. Wilson, 67 Minn. 444, 70 N. W. 154, to the effect that, by virtue of the statute, permanent alimony to the wife, in an action for divorce, cannot exceed one-third in present value of the husband's real and personal estate. The relator had no property, and the judgment in the respect complained of was erroneous, but it was not a void judgment. The remedy for the correction of the error was by a motion for a new trial, or by appeal. The court had jurisdiction of the subject-matter of the action and of the parties thereto, and the fact that the trial court may

have made errors of law which are apparent on the face of the judgment roll does not render the judgment void. So long as it remains unreversed or unmodified, the defendant is bound by it. The judgment in this case as to the payment of permanent alimony being valid, and the relator making no claim as to his ability to comply with it, but justifying his refusal to obey on the ground that the judgment is void, it follows that he was rightly convicted of contempt of court.

The relator, however, further claims that the district court had power to correct the judgment on motion, and erred in not doing so. The order denying the motion cannot be here reviewed on certiorari to review the contempt proceedings. When the relator was brought before the district court to show cause why he should not be punished for contempt for not obeying the judgment, it would have been no defense to have urged that the court ought to have granted his motion to modify the judgment, but did not. The district court could not review the order denying the motion on the hearing of the contempt proceedings; neither can we in reviewing them.

Order affirmed.