## MATHEW M. GASSER v. J. J. WALL.[1]

May 6, 1910.

Nos. 16,537—(55).

**Joint purchase — false statement as to price.**

> Where, in a joint enterprise for the purchase of property, the active party overstates the price paid, his associate may recover from him the amount necessary to equalize as between them the cost of the property.

[1]Reported in 126 N. W. 284.

**Memorandum inadmissible in evidence.**

> It is error to admit in evidence a memorandum made by a party without the knowledge of another, and not part of any books of account.

Action in the district court for St. Louis county to recover $1,500 for alleged false representations on February 2, 1907, which induced plaintiff to purchase a half interest in a certain receipt for certain shares of stock. The answer denied that defendant at any time urged or requested plaintiff to purchase the stock by any statement or representation that was not in every respect true; and alleged that the parties hereto, as well as other purchasers of the stock, were disappointed in that it did not maintain the value in the market that it had upon the date of the purchase; that no complaint was made by plaintiff with reference to the transaction until July, 1908, when an action was brought to recover $750 in the municipal court, in which action plaintiff alleged in effect that he made such purchase jointly with defendant and asked to recover one half of the purchase price paid by him. The reply admitted the bringing of the action in the municipal court but alleged that it was brought therein by mistake. · The case was tried before Ensign, J., and a jury which returned a verdict in favor of plaintiff for $1,552.55. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed.

*Washburn, Bailey & Mitchell,* for appellant.

*J. B. Richards,* for respondent.

O'BRIEN, J.

The testimony upon behalf of the plaintiff, introduced upon the trial of this action, was to the effect that the defendant having an opportunity of purchasing the right to ten thousand shares of the Parry Sound Consolidated Copper stock at the price of fifteen cents per share, aggregating $1,500, approached the plaintiff February 1, 1907, and said: " 'Mr. Gasser, I have a chance to buy a certificate calling for ten thousand shares of the Parry Sound Consolidated Copper stock for a price of $3,000, or thirty cents a share.' ˙ He says:

'Now, Mr. Gasser, I am not in shape to handle this entire deal; but I could put in $1,500, and I want to know if I cannot persuade you to put in $1,500 and buy this certificate on a joint account.'" The plaintiff claims to have agreed to this proposition. Defendant's testimony was to the effect that he made no statement as to the price for which he was to buy the stock, but told plaintiff what the price of his share would be to him. It was conceded that defendant thereafter purchased the right to ten thousand shares for $1,500, and transferred a half interest therein to plaintiff, also for $1,500. The contract showing the plaintiff to be entitled to such interest was deposited in escrow with a third party. The plaintiff claims to have subsequently discovered that the purchase price paid by defendant was only $1,500.

Very shortly after this transaction the stock of the company was listed upon the market at Duluth at one dollar per share, but subsequently and quite rapidly declined to a much smaller price. On August 8, 1908, which was after some of the decline in price had occurred, the plaintiff tendered the defendant his interest in the stock and demanded a return of the money paid by him. This, the court in its charge to the jury, held to be a rescission of the purchase, and further instructed the jury that if the defendant made the representations claimed by plaintiff, and such representations were false, and the plaintiff was induced to purchase the stock in reliance upon the same, he was entitled to a verdict "for the amount he paid the defendant, with interest thereon at six per cent. from the eighth day of August, 1908, when he rescinded the contract." The jury found for the plaintiff in the sum of $1,500 and interest. An alternative motion for judgment notwithstanding the verdict or for a new trial of the action was denied. Defendant appeals from that order.

It is entirely clear from the record that the testimony of the plaintiff tended to establish a joint enterprise for the purchase of the stock, which placed each of the parties in a position of trust toward the other, requiring the exercise of good faith by each. If in fact the defendant, when he proposed this joint enterprise to the plaintiff, knew the stock could be purchased for $1,500, and thereafter secretly

purchased it for that amount, the plaintiff is entitled to share equally with the defendant in the amount of the profit or advantage which he obtained; and the amount of such profit or advantage is to be measured by the difference in the actual price paid and that represented. The plaintiff cannot rescind the contract of purchase, as that was made with the original owner, who is not a party to this action, and against whom no complaint is made; and although that purchase was made in defendant's name alone, plaintiff, according to his testimony, was jointly interested in it. But plaintiff is, if his testimony is true, entitled to his share of the stock at its actual cost. We think, under the complaint and the evidence, a verdict might properly have been rendered in plaintiff's favor for $750 and interest from February 2, 1907, but for no greater sum. Church v. Odell, 100 Minn. 98, 110 N. W. 346.

Upon the trial of the action, against the defendant's objection, plaintiff was permitted to introduce in evidence a memorandum previously made by him reading as follows:

"Have 5,000 shares Parry Sound Consolidated Copper stock in the hands of N. S. Mitchell, it is ½ of a 10,000 share receipt J. J. Wall owes the other ½, 15,000. Bought from Baldwin, Baldwin & Dancer for the sum of $3,000.00 Oct. 19, 1906. Brot suit to recover on account fraud."

This memorandum does not appear to have been an entry in any regular account book, nor was the entry shown to have been made with defendant's knowledge. Its admission was, therefore, prejudicial error, unless, as suggested by the learned trial judge, the facts sought to be proved by the memorandum were conclusively proved by other competent evidence.

In view of what we have said as to the erroneous basis upon which the case was submitted to the jury, it is not necessary to determine whether the evidence sustains the suggestion of the learned trial court that no prejudice resulted from this error, as for the reasons already given this verdict cannot be permitted to stand. We find no other error in the record.

The order denying a new trial is reversed.