## PAUL KANNE v. FREDERICK F. KANNE and Others.[1]

November 1, 1912.

Nos. 17,652—(22).

**Motion for judgment on pleadings.**

Plaintiff's motion for judgment on the pleadings *held* properly denied, even though he were entitled to partial relief, where the motion does not so limit the recovery sought.

**Admissions against interest where witness is spouse of party.**

Admissions against interest are admissible against the one making them, although the spouse of such person is a party to the action, and do not come within the inhibition of R. L. 1905, § 4660, which prohibits one spouse

[1] Reported in 138 N. W. 25.

from testifying in a case where the other spouse is a party, without the latter's consent.

**Dismissal of action without making findings.**

The evidence and issues examined and *held* that it was error to dismiss the case on the merits when the parties rested, without making findings of fact and conclusions of law.

**Dismissal of action — defect of parties.**

A party who has neither demurred, because of defect of parties, nor set up such defect by answer, is not entitled to a dismissal of the action on the merits on the ground of defect of parties.

**Partial relief.**

Under the pleadings and the admitted facts, plaintiff was entitled to some relief, even if he failed to establish that the contract between the defendants was a fraudulent transfer as to the then existing creditors of one of the parties to the contract.

**Vendor and purchaser — gift.**

Under the contract involved here, the vendors agreed to convey the land in consideration of the vendees' agreement to pay $150 annually to the vendors and the survivor during life, and $5,000 to their legal heirs at the death of the survivor of the vendors, with a provision that the vendees had the right at any time prior thereto to pay the vendors $5,500 and obtain a deed and terminate the contract. *Held*, that there was no executed gift to the heirs of the vendors.

Action in the district court for the county of Waseca by the trustee in bankruptcy of Frederick F. Kanne against Frederick F. Kanne, Augusta M. Kanne, his wife, Tobias Broadbent and Martha A. Broadbent, to decree that the contract mentioned in the opinion be adjudged null and void, that the property specified in the contract be subject to sale to pay the debts of the bankrupt, and for other and further relief as to the court should seem meet. The substance of the allegations of the complaint and answer will be found in the fourth and fifth paragraphs of the opinion. The reply was a denial of the new matter set up in the answer. The case was tried before Childress, J., who denied plaintiff's motion for judgment on the pleadings, and granted defendants' motion to dismiss the action on the ground that plaintiff had failed to prove a cause of action against

either of them. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*F. B. Andrews, Moonan & Moonan* and *H. L. Schmitt,* for appellant.

*Morgan & Meighen,* for respondents.

HOLT, J.

For ten years prior to 1907, the defendant Frederick F. Kanne conducted a private bank in partnership with his son, Albert J., the latter having the active management thereof. For some years prior to March 21, 1905, Frederdick F. Kanne had been the owner of a farm near Waterville, Minnesota, worth between $5,000 and $6,000. On that date he and his wife entered into a contract to convey this farm to their daughter and son-in-law, the two other defendants herein, in consideration of certain covenants therein contained. No money consideration was paid. The covenants or agreements in the contract here material are to the effect that the vendees agree to pay to the vendors, beginning February 1, 1906, the sum of $150 annually during the lives of the vendors and the survivor of them. Immediately after the decease of the survivor, the vendees shall pay to the legal heirs of the vendors the sum of $5,000, to be distributed as provided by law. It is provided that should the vendees, during the life of the vendors, desire to obtain a deed of the farm for the purpose of selling it, then the vendors, upon payment to them of $5,500, agree to execute a good and sufficient warranty deed, thereafter the contract to be of no force or effect. The vendees were to have possession, pay all taxes, and were not to cut any green timber till $500 worth of permanent improvements had been placed on the farm by the vendees. Upon default by the vendees to perform, the vendors reserved the usual right to terminate the contract, which by its terms extended to and bound the heirs, administrators and assigns of the respective parties.

In November, 1905, the defendants Kanne made similar contracts with two other children to convey to each one hundred twenty acres of land in Otter Tail county, the annual payments and the payments to the legal heirs being however in different amounts. The record

is silent as to the existence of other children, or children of deceased children, except Albert J. Kanne.

In 1907 Albert J. Kanne, who was also in the mercantile business with his wife as partner, went into bankruptcy. His individual creditors, the major portion of whom were depositors in the bank, have received forty-four per cent in dividends upon their claims.

In 1909 the defendant Frederick F. Kanne entered the United States bankruptcy court, and plaintiff was duly appointed trustee. No assets have come into the hands of the trustee and a large amount of claims were filed and allowed against the estate. A great many of these claims are for money deposited prior to March 21, 1905, in the bank conducted by defendant Kanne and son. The trustee brought this action, alleging the adjudication of Frederick F. Kanne a bankrupt, plaintiff's appointment and qualification as trustee, the relationship of defendants, Frederick F. Kanne's operation of the bank as above stated; that while so engaged with his son they became indebted to divers parties in a sum exceeding $17,000, and became and were insolvent during all the time, and while so insolvent the defendant Frederick F. Kanne, for the purpose of placing the said farm beyong the reach of his creditors, being then the owner thereof, executed with his wife the contract above mentioned to defendants Broadbent, setting it out in full. It further alleged that said contract was made and entered into by and between the defendants for the sole purpose of placing the farm, worth $10,000, beyond the reach of creditors, and with an attempt and for the purpose of reserving to the said defendants Kanne an annuity during their natural life, and that no consideration was paid for the contract. It also stated that the estate of said bankrupt Frederick F. Kanne is insufficient to pay the creditors that were such at the time the contract was made, and that it is necessary to sell the said farm to pay such creditors. Plaintiff asked that the contract be declared null, and the farm be decreed subject to sale to pay the debts of the bankrupt, and for such further relief as to the court shall seem proper.

The answer admitted the adjudication of defendant Kanne a bankrupt, and the relationship of defendants, the partnership of the father and son in the banking business mentioned for more than ten

years prior to the bankruptcy proceedings, also the contract set out in the complaint. It alleged that the contract in question was made for a valuable consideration in good faith, and without intent to defraud creditors. The insolvency of Frederick F. Kanne at the time the contract was made is denied.

A trial was had to the court, at the conclusion of which the parties having rested, the court dismissed the action without making any findings. Plaintiff's motion for a new trial was denied, and he appeals. The assignments of error relate to the refusal of the court to grant plaintiff's motion for judgment on the pleadings; to the exclusion of certain evidence; to the order dismissing the action after the parties rested without filing findings of fact and conclusions of law; and to the refusal of the court to grant relief upon the evidence adduced.

It is clear that the court was right in denying the motion for judgment on the pleadings, for plaintiff did not, in that motion, limit his right to relief to the interest Frederick F. Kanne derived through the contract. That being so, the insolvency of Kanne at the time of making the contract and the then existence of the creditors now represented by plaintiff stood denied, as well as the averment that such contract was a fraudulent conveyance. Even if the contract be a voluntary conveyance on its face, its fraudulent character is not thereby established so as to give plaintiff the right to have it set aside.

The court also rightly rejected the testimony taken against the objection of Mrs. Kanne when her husband was called by plaintiff for cross-examination, because R. L. 1905, § 4660, does not permit a spouse to testify, in a cause where the other spouse is a party, without the latter's consent. But we think the trial court misconstrued the scope of the decisions in Halbert v. Pranke, 91 Minn. 204, 97 N. W. 976, and National German-American Bank v. Lawrence, 77 Minn. 282, 79 N. W. 1016, 80 N. W. 363, in making the ruling evidenced by the memorandum order stating "the petition and schedule in bankruptcy of both the Kannes and all evidence relating to insolvency proceedings have been disregarded by the court as they were inadmissible," citing Halbert v. Pranke, supra. If a spouse

has, to third parties, made an admission against the interest claimed by such spouse in the suit, such an admission, oral or in writing, is clearly admissible as to such spouse, although the other spouse is a party to the action. Of course, as to the latter's position or rights, such admissions have no force or effect. The statute prohibiting one spouse from testifying without the consent of the other was not intended to exclude voluntary statements made to the world from being used against the spouse making them, no matter who the other parties litigant may be. The schedules were not offered, but under the ruling the court erroneously excluded everything in the bankruptcy proceedings, even the duly proved adjudication of claims.

In this case one of the ultimate facts, viz: whether the contract was a fraudulent conveyance, involves inferences and conclusions to be drawn from the existence of other facts in issue, therefore findings should have been made. Merritt v. Joyce, 117 Minn. 235, 135 N. W. 820. This is not a case where the failure to establish a simple issue of fact determines the law suit, and where it may be said that the court, in a trial without a jury, in dismissing the case, determined that the evidence adduced did not establish such fact.

But we are also of the opinion that plaintiff was entitled to substantial relief, even if the contract be not void. Frederick F. Kanne, under the contract, had the legal title to the land and also rights therein to which plaintiff is entitled, which this suit should properly define and determine. It is virtually conceded that the right to the annual payments has vested in the plaintiff herein. But defendants contend that no suit is needed to reach these, also that no other relief may be granted herein than canceling the contract, if it be found a fraudulent transfer, and further that the legal heirs of the Kannes are necessary parties. We may concede that, if the plaintiff herein is not entitled to reach more than the annual payments, his right thereto is so clear that no action is necessary to define it, in order to realize the proper amount for the bankrupt estate. But measuring plaintiff's rights as an assign under the contract, we think he is entitled to more, as will be presently stated. The objection that under the pleadings no relief may be granted, unless the contract is void as to creditors, is not tenable. The contract in ques-

tion is set out in the complaint, and the prayer is for its cancelation and such further relief as to the court may seem meet and proper. Whatever interest plaintiff has in the land or the contract may properly be determined under the pleadings, notwithstanding some allegations in the complaint become superfluous if the contract be held not void.

If the legal heirs were necessary parties, the court could have directed them to be made parties, or perhaps had the authority to dismiss on that ground, Harper v. Carroll, 66 Minn. 487, 69 N. W. 610, 1069, but should not have dismissed on the merits without an opportunity to plaintiff to bring them in. The defendants could not take advantage of defect of parties except by answer or demurrer, neither of which was done. Budds v. Frey, 104 Minn. 481, 117 N. W. 158, and cases there cited. Of course, if the legal heirs of the Kannes have no present interest in the land or the contract, it is evident that they are neither necessary nor proper parties. And that brings us to an important matter in the litigation.

It is evident that F. F. Kanne and wife attempted to dispose of their farms to some of the children under contracts, so that the children should not be required to pay the purchase price till after the death of both parents, such price to be shared equally by their heirs. Whether this was for the purpose of defrauding creditors, or for the legitimate end of securing an annual income for their needs without being troubled with the active management of the property, we need not consider. The question is this: Is the purchase price stipulated to be paid under the contract the property of Kanne or the heirs of the Kannes? Defendants earnestly contend that it is an executed gift to the heirs beyond the power of Kanne to revoke, or in other words, a gift inter vivos. It may be proper to remark here that, if that be so, it goes far to prove the transfer a voluntary conveyance, prima facie void as to creditors under the decision in McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589. The plaintiff, on the other hand, maintains that it is an attempted testamentary gift and revocable, and of no effect. Hence the heirs have no interest whatever based on the contract. It is to be observed that great uncertainty is found as to who is meant by the legal heirs. Is it the heirs of the

survivor, or of both, or of the one in whom stands the legal title?
Does it mean the heirs at the time of the contract or the time of
death? This very uncertainty militates against a holding that here
was a gift inter vivos. Further, how can this be said to be an exe-
cuted gift, for the day after the contract was made the vendees could
have tendered the purchase price to the vendors, and who of the
heirs of Kannes could have disputed their right to the whole of it?
And we also fail to see why the vendors and vendees could not at any
time, by mutual consent, have canceled the contract. If defendants'
contention be true, the Broadbents could have at any time tendered
$5,500, less the share which would go to Mrs. Broadbent as a legal
heir of her parents, and demanded a deed, or they could have paid
the full sum and at once compelled Kanne to repay her share or be
holden for the amount as her trustee. Such a result does not appeal
to us as reasonable. It seems to us that the legal effect of the contract
must necessarily be that no present interest or right to the purchase
price therein agreed to be paid by the vendee vested in "the legal
heirs" of the vendors, and hence the legal title to the land and to the
purchase price stipulated in the contract remained in Frederick F.
Kanne, and, unless he shall otherwise dispose of the same, it will pass
at his death to his legal heirs, subject to the rights of the vendees
and the creditors of his estate. Defendants rely on Love v. Francis,
63 Mich. 181, but it will be noticed in that case that no contingency
permitted payment of the gift to the donor, the note and mortgage
were payable to the donor's heirs four years after his death, but the
interest to him as long as he lived. The court in McFerrin v. Tem-
pleman, 102 Tex. 530, though cited to the Michigan decision, holds
upon very similar facts, that the transaction did not amount to an
executed gift inter vivos.

Our conclusion is that there should be a new trial, so that upon
proper findings of fact the right conclusion of law may be reached.
The order denying a new trial is reversed.