## J. M. BERG v. BURKHOLDER LUMBER COMPANY AND OTHERS.[1]

July 3, 1925.

No. 24,598.

**Judgment by confession properly vacated.**

1. Judgment by confession, under a power of attorney from the debtor, *held* to have been properly vacated because the action was not commenced within one year after the accrual of the cause of action, as required by section 1 of chapter 222, L. 1915.

**Definition of "action" in 1915 statute relating to confession of judgment.**

2. Any proceeding resulting in a judgment in favor of one party and against another is an "action" within the meaning of that statute.

**Effect of statute on judgments in Federal courts immaterial to defendant.**

3. One claiming under the judgment of a state court is not concerned with, and therefore in no position to raise objections to, a statute, on constitutional grounds, because of its application to judgments of United States courts.

1. See Judgments, 34 C. J. p. 124, § 320.
2. See Actions, 1 C. J. p. 925, § 1.
3. See Constitutional Law, 12 C. J. p. 762, § 177.

[1]Reported in 204 N. W. 923.

Action in the district court for Hennepin county to set aside and cancel a judgment by confession. The case was tried before Salmon, J., who ordered judgment in favor of plaintiff. Defendants appealed. Affirmed.

*W. H. McDonald*, for appellant.

*John R. Foley* and *William E. Macgregor*, for respondents.

STONE, J.

Action to set aside a judgment entered against plaintiff by confession on February 16, 1922, in favor of defendant Burkholder Lumber Company, which appeals from a judgment for plaintiff.

The judgment was procured by the Burkholder Company as the assignee from the Consumers Service and Supply Company, of the alleged contract which is the origin of all of the transactions now involved. The document was procured from plaintiff, and over his signature, on September 15, 1920. In return for the payments made and promised by him pursuant thereto, the Consumers Company promised him its "Services, Labor, Assistance and Good Will * * * for a period of five years from date, said Company agreeing to act as a general clearing house and business agency" for plaintiff so as to make it possible for him to purchase through the company "the major portion of goods, wares, merchandise and machinery required by him, direct from Manufacturers, Brokers, Retail and Wholesale Jobbers' Markets. The Company will also purchase Horses and Stock for feeders, breeders, etc., when so requested and instructed by Applicant." The seemingly comprehensive language expressing the company's supposed obligation is further illustrated by this excerpt from this unique document:

"Through the Company's Marketing and Commission Service, the Company will serve as Commission Merchant for Applicant, and will look after the interests of all applicants consigning farm products, grain, baled hay, baled straw, vegetables, wood, coal, wool, livestock, dressed beef, hogs and poultry, also live poultry, cream, eggs, hides, feathers, furs, etc., and will through this branch serve

as Applicant's Sales Agent using the Company's influence and trade relations to the best advantage for Applicant without extra charge other than a commission of 2 per cent on all local consignments and one dollar on each car lot consignment. No limit or restrictions are placed but frequent transactions are invited and suggested.

"Through the Company's Employment Service, they will endeavor to hire help of all kinds as may be required by Applicant from time to time. Applicant's wants to be made known by letter or through a personal visit to Company's offices.

To make its bait more attractive, the Consumers Company offered:

"The following services which are not covered by the contract * * *.

"* * * Information on general subjects is furnished * * * also reliable information on legal questions, horticulture, scientific farming, sanitation, hygiene, etc. Per inquiry cash with letter, each one dollar;" and also a "Medical and family Physician Service through which the various ills and ailments of the human family are treated, advised upon and subscribed (sic) for by capable family physicians engaged by and paid by Company. * * * Many chronic and lingering ailments can be treated successfully and economically by this method. Per inquiry or consultation in person or cash with letter, two dollars each."

There is a serious question as to whether the document is a contract at all, that is, whether it is an enforceable agreement. Hart v. Georgia R. Co. 101 Ga. 188, 28 S. E. 637. The language purporting to express obligation is so vague as to suggest impossibility of enforcement and the resulting invalidity of the accompanying power of attorney to confess judgment. We simply suggest the question, but do not decide it because it has not been argued.

The issue before us has to do only with the supposed pecuniary obligations assumed by plaintiff. His promise was thus expressed in the document:

"Providing that this application is accepted and the five-year service contract is issued to me in compliance therewith, then for value received I promise to pay to the Consumers Service and Supply Company or order the sum of seventeen dollars herewith and a like amount on the first day of October each year thereafter for four consecutive years, making a grand total of $85.00, with interest at the rate of seven per cent per annum until fully paid.

"I further agree that in case any installment is not paid when due, then and in that case all remaining installments herein become immediately due and payable, without any act whatsoever on the part of holder or his assignors."

By a separate but accompanying document, plaintiff irrevocably appointed "any attorney-at-law" on his behalf "to waive service of process and confess a judgment" in favor of the Consumers Company, or its assigns, for such sum as might appear to be due, including an attorney's fee of $25. Plaintiff further waived all right of appeal or other method of attack upon the resulting judgment, if any, against him.

Plaintiff made the inevitable cash payment, always required and too frequently procured by the purveyors of such documents. No others being forthcoming, defendant, Burkholder Lumber Company, as assignee of the Consumers Company, proceeding under the power of attorney, commenced an action against plaintiff by filing a complaint upon his supposed contract alleging that he had "failed to make the payment due on said application and contract note * * * on the first day of October, 1920, and has failed to make the payment due * * * October 1, 1921" and accordingly that an election had been made "to declare the whole amount due thereon." One Charles Butts appeared in that action for the plaintiff here, as his attorney, "by virtue of the power of attorney" to confess judgment and did so. Judgment was accordingly entered against plaintiff and in favor of the Burkholder Company for the amount of plaintiff's supposed debt, plus $25 attorney fees and "costs" in the additional sum of $10.

1. That is the judgment now under attack in this case. Plaintiff was successful below, we are informed, because of chapter 222, L. 1915 (sections 9195-9196, G. S. 1923), which provides that:

"No action shall be maintained upon any judgment note or other instrument, heretofore or hereafter executed, containing any provision authorizing a confession of judgment thereon, unless begun within one year after the cause of action shall have accrued."

If, under this alleged contract, there was a payment due from plaintiff on the first day of October, 1920, the judgment entered against him on the sixteenth day of February, 1922, was barred because more than one year had elapsed after the maturity of that payment, upon default of which plaintiff's entire alleged indebtedness became due, automatically. The argument contra is that the proper construction of the language already quoted from the agreement, concerning the payments promised by plaintiff, is that no deferred payments became due until October 1, 1921.

That question, as an original matter, might require further consideration but, on the case as it stands now, it is a sufficient answer that the complaint upon which the judgment was procured by confession construed the contract as calling for the first deferred payment from plaintiff on October 1, 1920. That is the theory adopted by appellant in procuring the judgment, and it cannot now depart therefrom. Upon its own construction, the cause of action accrued more than one year prior to the commencement of the action resulting in the judgment by confession. The judgment in this action, nullifying the judgment by confession, was proper and is affirmed.

2. It is further argued for the appellant that chapter 222 does not apply because the proceeding resulting in the judgment against plaintiff was not an action within the meaning of that act. That argument is untenable, for it ignores the fact that any proceeding which results in a judgment in favor of one party and against another is an action. 1 Words & Phrases (1st Series), 131; 1 C. J. 924.

3. Whatever objection there may be to section 2 of the statute (and we do not suggest that there is any), because of its limitation of one year on judgments procured by confession in United States courts "under any warrant of attorney * * * or other instrument signed by the debtor authorizing such confession" is of no avail to appellant. It is not claiming under a judgment of a Federal court and therefore is not concerned with the effect of the act on such a judgment.

Judgment affirmed.

Mr. Justice Holt took no part.