## GEORGE MANNHEIMER v. RUSSELL H. PHINNEY AND ANOTHER.[1]

May 14, 1926.

No. 25,087.

**Cause of action in equity for rescission not stated in complaint.**

1. The defendants fraudulently represented that certain Canadian lands could be purchased at a stated price, and no less, and induced the plaintiff to take a one-third interest in the purchase, they, the defendants, taking one-third and another person one-third. The lands were purchased at a lesser price, and title taken by agreement in the name of one of the defendants. The defendants took the benefit of the difference between the represented price and the price paid. Afterwards a corporation was organized and the land transferred to it, and stock issued to the plaintiff in proportion to his interest. It is *held* that the complaint alleging these facts did not state a cause of action in equity for rescission.

**Cause of action at law for recovery of overpayment stated.**

2. The facts alleged stated a cause of action at law for the recovery of the overpayment on his share by the plaintiff.

**Complaint not vitiated because it asks wrong relief.**

3. A complaint is sufficient if it states a cause of action either at law or in equity, and it is not vitiated because it asks wrong relief.

Joint Adventures, 33 C. J. p. 869 n. 81.
Pleading, 31 Cyc. p. 111 n. 99; p. 608 n. 51.

Action in the district court for Ramsey county to compel the return of certain moneys as upon the rescission of a contract for the sale of lands. At the trial before the introduction of evidence the court, Orr, J., dismissed the action. Plaintiff appealed from an order denying his motion for a new trial. Reversed.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Edwin B. Baer,* for appellant.

*W. F. Hunt, James Schoonmaker* and *Catlin & Bronson,* for respondents.

[1]Reported in 209 N. W. 7.

DIBELL, J.

Action to compel the defendants to return certain moneys received from the plaintiff in a transaction in which Canadian lands were bought and taken in the name of the defendant Phinney, in which the plaintiff was interested to the extent of one-third, the title to which was later transferred to the Phinney Land & Investment Company, a corporation organized for the purpose of taking the title, and one-third of the stock given to the plaintiff as representing his interest in the land. At the trial, before evidence was introduced, the court dismissed the action. The plaintiff moved for a new trial and appeals from the order denying it.

1. In March, 1920, the defendants, Russell H. Phinney and Wight-Phinney Company, represented to the plaintiff that they could acquire 3,040 acres of farm lands in the Province of Saskatchewan, Canada, at $21 per acre, or a total purchase price of $63,840, by making a cash payment of $27,840, and securing the balance of the purchase price, $36,000, by mortgage. They represented that $21 was the lowest price at which the land could be purchased. The arrangement they proposed was that the plaintiff and one Bettingen each pay one-third of the price and have one-third of the land, they, the defendants, agreeing to pay the other one-third of the price and have one-third of the land, title to be taken in the name of defendant Phinney, who would execute the mortgage for the $36,000. Their representations as to the price at which the land could be bought and the amount of the cash payment required were false. It could be bought for $18 per acre upon a cash payment of $15,200. Plaintiff was induced to pay $9,280, or one-third of the claimed purchase price to be paid in cash, and Bettingen paid the same amount. The land was bought from the Western Trust Company. The defendants paid no part of the purchase price. The payments made by the plaintiff and Bettingen were used in making the first payment and were more than sufficient. Phinney gave a purchase money mortgage for $36,000. He gave a second mortgage for $3,520 which the complaint alleges was paid by the defendants out of moneys re-

ceived from plaintiff and Bettingen. These three items, $15,200, $36,000 and $3,520, made the total price of $54,720, or a purchase price of $18 per acre. Afterwards the plaintiff paid interest and taxes not necessary to mention in detail. Later by agreement of the parties the Phinney Land & Investment Company was incorporated under the laws of Canada and stock representing the plaintiff's share in the lands was issued to him. The corporation has no other property than the land. The action is in form one in equity for rescission.

The ground of the motion to dismiss was a defect of parties defendant. The objection was not taken by demurrer or answer as the statute contemplates and the plaintiff claims that a defect of parties, if any, is waived. G. S. 1923, § 9252. Kanne v. Kanne, 119 Minn. 265, 138 N. W. 25; Budds v. Frey, 104 Minn. 481, 117 N. W. 158, 15 Ann. Cas. 24. But this aside, no cause of action in equity for rescission is stated. It is not apparent that joining others as defendants would help. The Western Trust Company is not involved. No fraud is alleged against it nor is wrong claimed in connection with the organization of the Phinney Land & Investment Company, or in its taking title to the lands. There is no charge of misrepresentation of value which would justify relief against the defendants. The real complaint is that by fraudulent representations as to the amount of the purchase price the plaintiff has overpaid. The plaintiff does not want to charge the land with a lien because of his overpayment, or to have a greater portion of the land because he has paid more than his proportion. He asks no adjustment of rights in the land or the corporate stock. He does not show himself entitled to anything and asks nothing against anyone not a party. He has not been defrauded in the land nor in the stock. He is made whole if he is refunded his overpayment. His trouble is not that there is a defect of parties but that he has no cause of action in equity.

2. A cause of action at law is alleged. The defendants proposed a joint venture, and owed to the plaintiff, whom they invited to engage in it, good faith. They could not purchase from their common

vendor and misrepresent the price and themselves take the difference. This under the complaint is just what they did. The case is within Gasser v. Wall, 111 Minn. 6, 126 N. W. 284; Id. 115 Minn. 59, 131 N. W. 850. If the plaintiff proves the facts alleged he should recover his overpayment.

3. The complaint does not state a cause of action in equity. It states one at law. It is sufficient. That wrong relief is asked is not important. Dun. Dig. § 7555. Without limiting the defendants to the ground of their motion, giving them the benefit of anything they can claim, the action should not have been dismissed. A motion to dismiss at the trial is the equivalent of a motion for judgment on the pleadings for insufficiency of the complaint. Tergeon v. Johnson, 165 Minn. 482, 205 N. W. 888. It has the effect substantially of a general demurrer. A complaint is sufficient if it states a cause of action either at law or in equity; and a cause of action at law being stated the action should not have been dismissed. See Dye v. Forbes, 34 Minn. 13, 24 N. W. 309; Greenleaf v. Egan, 30 Minn. 316, 15 N. W. 254; Kenaston v. Lorig, 81 Minn. 454, 84 N. W. 323; Lovering v. Webb Pub. Co. 106 Minn. 62, 118 N. W. 61.

Order reversed.