## FRANK H. KEYES v. RUTH PETERSON AND ANOTHER.[1]

April 26, 1935.

No. 30,287.

*Frank Palmer,* for appellant.
*W. V. Kane,* for respondents.

DEVANEY, CHIEF JUSTICE.

On February 3, 1932, defendants were indebted to plaintiff in the sum of $570. They executed their promissory note in that amount, bearing six per cent interest and due in six months. Attached to the note and separated by a perforated line was an authorization for confession of judgment. This permitted any attorney at law to appear in court at any time thereafter and to confess judgment against defendants. On February 4, 1932, plaintiff filed this

[1]Reported in 260 N. W. 518.

authorization with the court, and a confession of judgment was duly executed by an attorney at law against defendants in the amount of $570. August 9, 1934, execution of the judgment was issued to the sheriff, and a levy was made upon an automobile belonging to defendant Ruth Peterson, one of the comakers of the note. A motion by defendants to vacate and set aside the judgment and to vacate and set aside the execution and levy was granted by the lower court. Plaintiff appeals from this order.

To make clear the issue we deem it advisable to set forth the note and statement authorizing confession in full:

"PROMISSORY NOTE.

"$570.00.                                              Feb. 3, 1932.

"On or before six months after date I promise to pay to the order of Frank H. Keyes Five Hundred Seventy and 00/100 ($570.00) Dollars at International Falls, Minnesota, value received, with interest thereon at 6 per cent per annum.

"Ruth Peterson

"J. P. Kress"

"STATEMENT FOR CONFESSION OF JUDGMENT.

"State of Minnesota ⎫
                    ⎬ ss.
"County of Koochiching ⎭

"Ruth Peterson and J. P. Kress, being duly sworn, on oath says:

"That he is the maker of the foregoing note;

"That the facts out of which the debt evidenced by said note arose are as follows, to-wit: For rent to 3/1/32;

"And that by reason of said facts the said debt evidenced by said note is just and true.

"Now, therefore, to secure the payment of said debt, they, the undersigned, hereby authorize and empower, irrevocably any attorney of any court of record to appear for them in such court, in term time or vacation at any time hereafter, and to confess judgment against them without process in favor of the legal holder of said note for the sum of said note, less payments made thereon, if any, with interest as specified in said note, together with all

legal costs and disbursement incident on such a proceeding and an attorney's fee not exceeding five and 00/100 dollars, and to waive all errors which may intervene in any such proceedings, and to consent to and authorize the execution upon such judgment.

"Ruth Peterson
"J. P. Kress

"[Acknowledgment.]"

The following questions are presented for decision:

(1) Was this statement of confession of judgment distinct from the note, within our statute?

(2) Has 2 Mason Minn. St. 1927, § 9414, been repealed by the subsequent enactment of the negotiable instruments law?

■ 2 Mason Minn. St. 1927, § 9414, provides as follows:

"Judgment in the cases mentioned in § 9413 may also be entered in the district court in the manner therein provided, and with like effect, upon filing with the clerk a plea of confession signed by an attorney of such court, together with an instrument signed by the debtor authorizing such confession; *but such instrument must be distinct from that containing the bond, contract, or other evidence of the demand for which judgment is confessed.*"

This statute apparently had its origin in R. S. 1866, c. 82. It was enacted for the benefit of debtors and was intended to avoid the evils of what are known as judgment notes. It requires the instrument authorizing an attorney to confess judgment to be distinct from the evidence of the indebtedness; that is, it requires the authorization to be such that it can stand legally without reference to other instruments. In this case the instrument authorizing confession refers to the note as "the foregoing note" and the "said note." This ties it to the note and makes it really a part thereof. The authorization of confession taken alone had no meaning. One a stranger to the transaction would be able to gather nothing from examining merely the authorization and without referring to the note. It did not state the amount for which the attorney was authorized to confess judgment. The holder of the warrant could

364

easily substitute any other note, and from the language therein it would fit as well. This was not a distinct instrument within the above quoted statute. Confession of judgment is entirely a statutory measure and must meet the requirements thereof strictly. Gundlach v. Park, 140 Minn. 78, 165 N. W. 969, 167 N. W. 302. We need not here consider the fact that these two instruments were on the same paper, separated only by a perforated line. The important feature here and the basis of this decision is that the instrument was not sufficient when taken alone to make it a distinct instrument. In direct accord with our holding here are Acme Food Co. v. Kirsch, 166 Mich. 433, 131 N. W. 1123, 38 L.R.A.(N.S.) 814, and Jones v. Turner, 249 Mich. 403, 228 N. W. 796. Michigan has a statute similar to ours now under consideration. It requires the instrument authorizing an attorney to confess judgment to be distinct from that containing the evidence of indebtedness. In the two cases above cited the authorization was not distinct but was a part of the note. It was held in both cases that confession of judgment was void and of no effect.

■ 2 Mason Minn. St. 1927, § 9414, above quoted, was not repealed by the enactment of the negotiable instruments law. The two are not inconsistent. 2 Mason Minn. St. 1927, § 7048, simply declares that an instrument which "authorizes a confession of judgment if the instrument be not paid at maturity" is none the less negotiable because of this provision. Clearly, this does not conflict with the above quoted section, which prescribes the method of confessing and authorizing the confession of judgment. Section 9414 is in addition to § 7048 and in no way conflicts therewith.

Affirmed.