**MAJESTIC INC., et al., Respondents,**

v.

**Richard B. BERRY, Appellant.**

No. C0–98–2138.

Court of Appeals of Minnesota.

May 4, 1999.

Jeffrey S. Sheridan, Aaron T. Stone, Strandemo & Sheridan, P.A., Inver Grove Heights, for respondents.

Robert B. Bauer, Christopher A. Grove, Michael G. Dougherty, Severson, Sheldon, Dougherty & Molenda, P.A., Apple Valley, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge, LANSING, Judge, and WILLIS, Judge.

## OPINION

LANSING, Judge.

The district court denied a business debtor's motion to vacate a judgment under Minn. R. Civ. P. 60.02(d). We conclude that the judgment may have been defective, but it

is not void. The district court did not err in denying the debtor's motion to vacate, brought three and one-half years after the debtor knew that judgment had been entered. We affirm.

## FACTS

This procedurally complicated litigation involves a cognovit judgment entered after a default on a promissory note. The promissory note was part of a 1992 business transaction between Richard Berry and Majestic, Inc., Elliott Grater, and Kathleen Grater (collectively Majestic).

Berry purchased business assets from Majestic with a $60,000 promissory note. Berry signed the installment note and a separate document entitled "Confession of Judgment." Both documents provided for acceleration of the debt in the event of default and authorized entry of judgment against Berry for the unpaid amount. The note required 15 days' written notice by certified mail of intent to accelerate. The confession of judgment authorized the court to enter judgment without further notice to Berry.

Berry defaulted on the note in 1992. After the default, Elliott Grater had monthly discussions with Berry in an attempt to collect the debt. In May 1994, Majestic's attorney sent Berry a notice of acceleration and an intent to obtain judgment on the unpaid amount. The post office provided two notices of certified mail to Berry's address, but the letter was not claimed and was returned to Majestic. On April 20, 1995, Majestic prepared a notarized plea of confession for $63,410.96 in the Dakota County Clerk's office. The clerk's office filed the plea on May 4, 1995, and the court administrator entered judgment against Berry for $63,741.96.

Shortly after judgment was entered, Berry called Grater and told him that he would file for bankruptcy before he would pay anything on the judgment. Approximately three and a half years later, Berry again called Grater in an attempt to negotiate an amount in satisfaction of the judgment because it was impeding Berry's current business transactions. Berry and Grater were unable to agree on an amount, and on October 23, 1998, Berry moved to vacate the judgment under Minn. R. Civ. P. 60.02(d). The district court found that the confession of judgment was not void and denied Berry's motion. Berry appeals the order denying his motion.

## ISSUES

I. Did entry of judgment on the cognovit note violate the "separate instrument" requirement of Minn.Stat. § 548.23?

II. Is the judgment void because it was not brought within one year of its accrual as required by Minn.Stat. § 541.09?

III. Is the judgment void because it is not based on a judicial determination or a trial on the merits?

IV. Is Berry's claim that the judgment is void because it was not signed by an attorney reviewable?

## ANALYSIS

In this appeal we are asked to determine whether the judgment entered on the cognovit note in April 1995 is void. A cognovit note is an acknowledgement of liability in the form of a confessed judgment. See Minn.Stat. § 548.23 (1996). When properly used, confessions of judgment serve as efficient and inexpensive means to allow parties to settle disputes. See, e.g., Miller v. Shugart, 316 N.W.2d 729, 735 (Minn.1982) (parties used confession of judgment to settle liability dispute). In the early part of this century, it was a common practice of creditors to also use confessions of judgment to secure a debt. See, e.g., Berg v. Burkholder Lumber Co., 164 Minn. 81, 84, 204 N.W. 923, 924 (1925). The practice is less common today.

In a 1972 United States Supreme Court opinion, Justice Blackmun summarized the controversial history of the cognovit note. See D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 176, 92 S.Ct. 775, 777–78, 31 L.Ed.2d 124 (1972) (observing that cognovit is an ancient device extending at least as far back as Blackstone's Commentaries). By its nature the cognovit judgment limits due process; but due process rights to notice and hearing prior to civil judgment are subject to waiver. Id. at 185, 92 S.Ct. at 782; Hutson v. Chris-

*tensen*, 295 Minn. 112, 118, 203 N.W.2d 535, 538 (1972). The waiver of due process rights must be voluntary, knowing, and intelligently made. *Overmyer*, 405 U.S. at 185, 92 S.Ct. at 782.

Berry has not argued he did not voluntarily, knowingly, and intelligently sign the confession of judgment. Instead, Berry brought a motion to vacate the judgment under Minn. R. Civ. P. 60.02(d). Relying primarily on statutory language, Berry argues that the judgment against him is void (1) for failure to comply with the "separate instrument" requirement of Minn.Stat. § 548.23; (2) for failure to enter judgment within the limitations period of Minn.Stat. § 541.09 (1996); and (3) because equity requires a judicial determination and a trial on the merits. At oral argument, Berry raised an additional issue, (4) whether the judgment is void because it was not entered by an attorney.

**I**

In Minnesota, confession of judgment is governed by two statutes, Minn.Stat. §§ 548.22 and 548.23 (1996). Section 548.22 governs a confession of judgment signed by a debtor for a liability based on an agreement between the parties. Minn.Stat. § 548.22. Section 548.23 governs a judgment filed as a plea of confession, under which a debtor authorizes an attorney to act on behalf of the debtor. Minn.Stat. § 548.23. Berry asserts that the judgment entered against him violates Minn.Stat. § 548.23 because the confession instrument is not distinct from the note.

Entry of judgment under Minn.Stat. § 548.23 requires the filing of a plea of confession with the court. The filing must also include an instrument signed by the debtor confessing the debt and authorizing the attorney to act on the debtor's behalf (confession instrument) and a copy of a distinct debt instrument. Minn.Stat. § 548.23 (requiring that debt instrument be distinct, referring to debt instrument as "evidence," indicating that copy of both instruments should be filed with plea of confession).

■ To be distinct, the confession instrument that authorizes the attorney to act must contain sufficient information to allow a court to give it effect without reference to the debt instrument. *Keyes v. Peterson*, 194 Minn. 361, 363, 260 N.W. 518, 519 (1935). In *Keyes*, the debtor executed a promissory note and a confession instrument that authorized an attorney to act on his behalf. *Id.* The confession instrument was not distinct because it referred to the note to such an extent that "a stranger to the transaction would be able to gather nothing from examining merely the authorization [confession instrument] and without referring to the note." *Id.* The danger posed by the vague confession instrument was that its holder "could easily substitute" another debt instrument for the one confessed to by the debtor. *Id.* at 363–64, 260 N.W. at 519.

■ Similar to *Keyes*, Berry's confession of judgment refers to the promissory note he executed. Although this confession instrument that Berry signed incorporates the debt instrument and refers to it, the reference does not merge the two documents. Unlike *Keyes*, the confession instrument states the amount of the debt and the facts out of which the debt arose. Incorporating these facts protects the debtor by making it very difficult for the holder of the confession instrument to substitute a different debt instrument. The district court correctly held that the confession instrument was distinct from the debt instrument.

■ Berry also argues that the confession instrument is void because it fails to state a specific amount. Berry has confused the provisions of sections 548.22 and 548.23. *Compare* Minn.Stat. § 548.22 (confession of judgment must state a specific amount), *with* Minn.Stat. § 548.23 (confession instrument not required to state a specific amount). Although the authorization Berry signed has aspects of a confession of judgment under section 548.22, both Berry and Majestic have argued this entire case as a violation of a confession instrument governed by section 548.23. We address the issue as it was framed in the moving papers and argued in the district court, under the provisions of section 548.23.

■ In granting authority to an attorney under section 548.23, the debtor grants the

attorney power to confess judgment for the amount owed plus any interest or costs specified in the confession instrument. This provision does not, however, grant the attorney unlimited power; when filing the plea of confession, the attorney must state a specific amount.

> The court administrator shall enter judgment *for the amount specified,* as in other cases, and shall attach the judgment to the statement, which shall constitute the judgment roll. The judgment shall be final, and, unless special provision be made for a stay, execution may issue immediately.

Minn.Stat. § 548.22 (emphasis added); *see* Minn.Stat. § 548.23 (judgment is to be entered in the manner provided in section 548.22). Thus, the attorney's plea of confession must state a specific amount; but the debtor's confession instrument need not state a specific amount that the attorney is authorized to confess. The district court correctly held the confession instrument did not need to state a specific amount. The judgment is not void for lack of a distinct confession instrument or for failure of the confession instrument to state a specific amount.

## II

■ Berry alternatively argues that the confession of judgment is void because it was not filed within the statute of limitations period. Entry of a confession of judgment must occur "within one year after the cause of action shall have accrued." Minn.Stat. § 541.09, subd. 1 (1996). The statute of limitations period begins to run when a cause of action accrues. *Wittmer v. Ruegemer,* 419 N.W.2d 493, 495–96 (Minn.1988). The parties do not dispute that Majestic filed the confession of judgment in May 1995. Berry contends the cause of action accrued when he defaulted in 1992. Majestic counters that the cause of action did not accrue until it accelerated the debt in May 1994.

■ A cause of action accrues "when the action can be brought without being subject to dismissal for failure to state a claim." *Id.* at 496 (citation omitted). Berry's default allowed Majestic to bring an action against him on the note and Majestic's ability to file a plea of confession accrued at the same

time. Majestic's argument is flawed because it fails to distinguish between its discretionary ability to accelerate the debt on default and the accrual of its cause of action. *See Berg,* 164 Minn. at 85, 204 N.W. at 924 (court found the cause of action accrued at the time of default). Almost three years elapsed between the date the cause of action accrued and the date Majestic filed the judgment. As in *Berg,* the one-year statute of limitations had run and therefore barred entry of the judgment.

■ Majestic asserts that even if the statute of limitations barred entry of the judgment, Berry cannot use it as a defense because he did not raise it when Majestic filed the confession of judgment. This argument is without merit. As a practical matter, entry of judgment based on a plea of confession does not require a hearing and therefore the debtor does not have the opportunity to raise the statute of limitations defense. Presumably for these reasons, the court in *Berg* allowed the plaintiff, who was similarly situated to Berry, to raise the statute of limitations as a defense. *Id.* at 85, 204 N.W. at 924. Berry is not barred from raising the statute of limitations as a defense to the entry of judgment.

■ A motion to vacate a judgment for failure to comply with the statute of limitations would logically fall under rule 60.02(f). Rule 60.02(f) is a residual clause to cover "unforeseen contingencies." *See Anderson v. Anderson,* 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970) (discussing rule 60.02(6) (renumbered as 60.02(f))). Under rule 60.02(f), a party must bring a motion to vacate within a reasonable time. Minn. R. Civ. P. 60.02; *Chapman v. Special Sch. Dist. No. 1,* 454 N.W.2d 921, 923 (Minn.1990). Berry has not brought his motion under rule 60.02(f), apparently because of the length of time (three and one-half years) that has elapsed between the judgment and this motion for relief from the judgment. Nothing in this record indicates that Berry had no notice of the judgment or that any disability prevented him from bringing the motion earlier. In fact, the record indicates Berry knew of the judgment shortly after it was entered. Berry brought his motion instead

under rule 60.02(d), arguing that the judgment was void. Unlike the other time-restricted provisions of rule 60.02, a motion to set aside a void judgment under rule 60.02(d) may be brought at any time. *Lange v. Johnson*, 295 Minn. 320, 323–24, 204 N.W.2d 205, 208 (1973).

■ Rule 60.02(d) applies to very limited circumstances because the orderly administration of justice relies on the validity of court orders. *See Simons v. Schiek's, Inc.*, 275 Minn. 132, 136, 145 N.W.2d 548, 551 (1966) ("the policy of the law is to give finality to judgments"); *Hawley v. Knott*, 178 Minn. 225, 229, 226 N.W. 697, 699 (1929). In the interest of finality, "setting aside a judgment on voidness grounds is narrowly restricted." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir.1979) (footnote omitted). Thus, a "judgment is not void merely because it is erroneous." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2862, at 326 (2d ed.1995).

■ A judgment entered after the statute of limitations has expired is erroneous, but an erroneous judgment is not void. *See Sheridan v. Sheridan*, 213 Minn. 24, 4 N.W.2d 785 (1942); *McElrath v. McElrath*, 120 Minn. 380, 139 N.W. 708, 709 (1913); *State ex rel. Wise v. Jamison*, 69 Minn. 427, 72 N.W. 451 (1897); *see also* Wright, *supra*, § 2862, at 326–29 (citing the lack of subject-matter jurisdiction and jurisdiction over the parties, and action inconsistent with due process, as the sole bases for rendering a judgment void). Majestic's failure to file the judgment within a year of the accrual of its cause of action does not render the judgment void. Berry's claim of invalidity, if properly brought within a reasonable time period, might have been successful. But deferring the motion for relief until he was required to demonstrate one of the limited bases that render a judgment void, defeats his claim.

### III

■ Berry's third argument is that equity requires a judicial determination of any amount owed and a trial on the merits. We interpret this primarily as a due process argument that was specifically answered in *Overmyer*. The hearing required by due process is subject to waiver. *Overmyer*, 405 U.S. at 185, 92 S.Ct. at 782. As Justice Blackmun commented in *Overmyer*, the idea of invalidating cognovit notes is appealing, but the facts advanced in support of invalidity are important. First of all, this is a business transaction. Cognovit notes are more strictly regulated in consumer transactions in Minnesota. *See, e.g.,* Minn.Stat. § 168.71(2) (1996) (prohibiting confessions of judgment and power-of-attorney provisions in motor vehicle retail installment contracts). Second, Berry has been given a post-judgment hearing on the validity of the note. Because he has known for some time that judgment was entered, he cannot now object that he had no opportunity to obtain review on the disputed issues. He could have timely brought a rule 60.02(f) motion and properly raised the validity arguments that he now characterizes as "voidness" arguments. His failure to act timely cannot now be the source of his claimed inequity.

Even though we are unpersuaded by Berry's equity argument, we observe that the complexity of the statute and the constriction of due process severely undermine the utility of a plea-of-confession statute that has such a minimal application. The legislature may wish to consider a repeal of section 548.23 dealing with cognovit notes, leaving in place the more useful and better developed section 548.22 for confessions of judgment that state a specific amount and provide for fuller notice and consent.

### IV

■ At oral argument Berry asserted, for the first time, that the judgment is void because the plea of confession was not signed by an attorney. Ordinarily, we would not address an argument raised for the first time on appeal, particularly when it was not included in the brief. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (reviewing court will not consider matters not argued to or considered by the district court). But because this argument implicates jurisdiction, it is necessary for us to determine whether the argument can be raised at this point in the proceedings.

We agree that the statute requires that a plea of confession be entered by an attorney. The statute provides for entry of judgment

upon filing with the court administrator a plea of confession signed by an attorney of such court, together with an instrument signed by the debtor authorizing such confession * * *. Any person filing a plea of confession and an instrument under this section shall pay the same fee as provided for filing a civil action in district court * * *.

Minn.Stat. § 548.23. By signing a confession instrument authorizing an attorney to enter confession of judgment, a debtor not only waives a hearing but also authorizes the attorney to waive service of process on the debtor. By signing a plea of confession the attorney, acting under the debtor's authority, submits the debtor to the court's jurisdiction.

The plea of confession in this case was filed by Elliot Grater, an owner of Majestic. Nothing in the record demonstrates whether Grater was an attorney. We further note that the confession instrument signed by Berry does not include a provision that specifically authorizes an attorney to confess judgment. Instead, the confession instrument authorizes the court to enter judgment. Because the flawed confession instrument serves as a basis for the court's personal jurisdiction over the debtor, the errors are significant.

But flaws in an initial attempt to obtain personal jurisdiction do not necessarily render a judgment void. Personal jurisdiction may be waived, for instance, through participation in a proceeding. *Mississippi Valley Dev. Corp. v. Colonial Enters., Inc.*, 300 Minn. 66, 68, 217 N.W.2d 760, 762–63 (1974); *City of Luverne v. Skyberg*, 169 Minn. 234, 236–37, 211 N.W. 5, 6 (1926). And, unlike a court's subject matter jurisdiction, which can be raised at any time, personal jurisdiction must be raised in the district court early in the proceedings. Minn. R. Civ. P. 12.08(a), (c). The defense of lack of personal jurisdiction is waived if not raised by motion in a responsive pleading or in an amendment to a responsive pleading. Minn. R. Civ. P. 12.08(a); *see Kanne v. Kanne*, 119

Minn. 265, 271, 138 N.W. 25, 28 (1912) (lack of personal jurisdiction to be raised in demurrer or answer). Because of the nature of the cognovit judgment, Berry may not have had an opportunity to raise the flawed confession instrument before entry of judgment; his appropriate course would have been to raise it promptly after entry of judgment. We recognize that it is incumbent on Majestic to properly obtain personal jurisdiction and that Berry's failure to promptly object may not have precluded him from raising the objection in his rule 60.02(d) motion. But Berry did not raise this objection in his motion papers, during the district court proceedings, or in his appellate brief. And he has not provided us with a record that affirmatively establishes that none of the signators are attorneys. Raising the absence of an attorney's signature on the plea of confession for the first time at the appellate argument stage is not sufficient to permit appellate review of whether the judgment is void because of a lack of personal jurisdiction. *Compare* Minn. R. Civ. P. 12.08(c) (lack of subject matter jurisdiction may be raised at any time).

### DECISION

The judgment against Berry fails to conform with statutory requirements, but it is not void. Therefore, Minn. R. Civ. P. 60.02(d) does not apply.

**Affirmed.**