STATE of Minnesota, Appellant,

v.

Justin Daniel COUILLARD,
Respondent.

No. C3–01–1416.

Court of Appeals of Minnesota.

March 12, 2002.

Review Denied May 15, 2002.

Mike Hatch, Attorney General, St. Paul; and Belvin Doebbert, Pope County Attorney, Chad M. Larson, Assistant Pope County Attorney, Glenwood, for appellant.

Mary M. McMahon, McMahon & Associates Criminal Defense, Ltd., Roseville, for respondent.

Considered and decided by HARTEN, Presiding Judge, ANDERSON, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

The state appeals from an order of the district court suppressing evidence seized from respondent Justin Couillard's backpack and dismissing the charges against him. Because Couillard does not have standing to contest the validity of the warrant that led to the search of the residence where the backpack was located, and because the search of Couillard's backpack was within the scope of the warrant, we reverse and remand for further proceedings.

## FACTS

On April 20, 2001, law enforcement officers, responding to a neighbor's complaint about suspected drug activity at a residence in Glenwood, drove by the residence and observed a vehicle owned by a person known to be involved in drug activity. After the officers returned to the law enforcement center, the neighbor called to report that several vehicles that he had observed making short visits to the residence in the past were now parked near the residence. Because the officers knew that April 20th was designated as "smoke-up day," a day on which marijuana users were encouraged to smoke marijuana beginning at 4:20 p.m., the officers went to the residence at 4:22 p.m. to speak to the owner. When Officer Danter entered the porch to knock on the front door, he detected the odor of burnt marijuana from inside the house. Before he could knock, he saw a person look at him through a shade. He then heard a loud noise, saw the person back away from the window, and heard people running through the residence. Officer Danter testified that he entered the residence because he believed a crime was in progress, and he feared that evidence of the crime would be destroyed.

Officer Danter saw several people running towards the back of the house. He also detected the strong smell of burnt marijuana and saw a tray of marijuana on a coffee table along with a glass pipe. Officer Danter identified himself as a police officer and instructed the occupants to stop running and return to the living room. Three people who had run out of the back door were detained by other officers after a brief pursuit. The owner of the residence identified himself. The owner and guests, including Couillard, were escorted outside and the officers secured the residence while Officer Danter obtained a search warrant for the residence, individuals, and vehicles present at the residence.

During the search of the residence, a large amount of marijuana was found in Couillard's backpack, which was located on the living room floor. A small amount of marijuana was also found in his car. Couillard was charged with fifth-degree possession of a controlled substance. He moved to suppress the evidence on the basis that the warrant was not supported by adequate probable cause because the officer's initial entry into the residence was illegal. The district court determined that

although Couillard does not have standing to contest the validity of the warrant to search the residence, he has standing to contest the search of his backpack. The district court then concluded that the warrant was invalid, making the search of Couillard's backpack illegal. The court granted Couillard's motion to suppress the evidence and dismissed the charges. The state appeals.

## ISSUE

Does a person who does not have standing to challenge the validity of a warrant to search a residence nonetheless have standing to challenge a search of his personal property located in the residence and, if so, may that challenge be based on the invalidity of the warrant?

## ANALYSIS

■ To prevail in a pretrial appeal, the state must clearly and unequivocally demonstrate that the district court erred in its judgment and that the error will have a critical impact on the outcome of the trial. *State v. Kim,* 398 N.W.2d 544, 547 (Minn. 1987). Because the district court's suppression order resulted in a dismissal of the charges against Couillard, the state has shown the requisite critical impact.

■ When reviewing a state's appeal from a pretrial order suppressing evidence, "we may independently review the facts and determine, as a matter of law, whether the district court erred in suppressing * * * the evidence." *State v. Harris,* 590 N.W.2d 90, 98 (Minn.1999) (citation omitted).

### 1. Standing

■ The state asserts that, as "merely a party guest," Couillard does not have standing to contest the search of the residence, and the district court agreed. The district court determined, however, that Couillard has standing to contest the search of his backpack located in the residence. We agree that Couillard has standing to challenge the search of his backpack, but hold that the district court erred by allowing Couillard's challenge to the search of his backpack to be based on a challenge to the validity of the warrant to search the residence. *See United States v. Lisk,* 522 F.2d 228, 231 (7th Cir.1975) (holding that owner of a chattel seized during an illegal search of a car owned by a third party has standing to object to the seizure, but no standing to object to the search). The issue, therefore, is whether Couillard's backpack could be searched pursuant to the warrant for the search of the residence.

### 2. Backpack search was within the scope of the warrant

■ Couillard, relying on *State v. Wills,* 524 N.W.2d 507 (Minn.App.1994), *review denied,* (Minn. Feb. 14, 1995), argues that a visitor has a legitimate expectation of privacy in his personal belongings. Citing to *Wills,* the district court determined that if a defendant has a legitimate expectation of privacy in his personal belongings, he then has standing to object to a search of the property where the belongings are located. The district court's reliance on *Wills,* however, is misplaced. First, *Wills* did not involve the issue of standing. Second, *Wills* does not stand for the proposition that a challenge to a search of personal property must necessarily allow a challenge to the validity of a warrant to search the premises where the property is located. *Wills* involved a challenge to the *scope* of a premises search warrant. Wills argued that the search of his safe during a warranted search of his girlfriend's apartment exceeded the scope of the warrant. *Id.* at 508. *Wills,* therefore, provides authority for the proposition that Couillard may challenge the backpack search as beyond the *scope* of the warrant.

■ Although there is some debate, almost all jurisdictions have upheld searches of jackets, purses, bags, and other articles of personal property belonging to guests located on the premises at the time of a warranted search of the premises, if the articles were not in the guests' possession and the articles searched could reasonably contain items listed in the warrant. *See id.* at 510 (surveying cases upholding search of guest's personal property). In general,

> [a]ny container situated within a residence that is the subject of a validly-issued warrant may be searched if it is reasonable to believe that the container could conceal items of the kind portrayed in the warrant.

*Id.* at 509 (citations omitted).

In determining whether the search of Wills's safe was within the scope of the warrant, we examined the relationship between Wills and the residence searched. *Id.* at 510.

> While Wills argues that his personal effects were beyond the scope of the search warrant, under the general rule regarding the permissible scope of valid premises search warrants, the search and seizure of the safe was proper because the police reasonably could believe that the safe could conceal items of the kind portrayed in the warrant.

*Id.* at 511 (citations omitted). We also noted that the search of Wills's safe was within the scope of the warrant because Wills did not have physical possession of the safe at the time the police executed the search warrant. *Id.* at 511–12. We said, in dictum, that Wills "may have had a stronger argument if he could have shown that he was merely a visitor to the apartment," but we did not hold that a visitor necessarily has an expectation of privacy that would place his belongings outside the scope of the warrant. *Id.* at 511.

*Wills* actually provides authority for the search of Couillard's backpack in this case. Couillard's backpack was not in his possession at the time of the search. The officers had reason to suspect that guests had come to the residence for the purpose of smoking marijuana. The police found the backpack near the couch in the living room where a tray of marijuana was openly displayed on the coffee table. The police could reasonably suspect that the backpack contained marijuana or related items described in the warrant.

■ The district court erred by shifting the focus from Couillard's standing to challenge the search of the backpack to an examination of the validity of the warrant after having concluded that Couillard does not have standing to challenge the validity of the warrant. For the first time, in argument on appeal, Couillard contends that he has standing to contest the search of the residence because he was named in the search warrant. In general, this court will refuse to address "an argument raised for the first time on appeal, particularly when it was not included in the brief." *Majestic, Inc. v. Berry,* 593 N.W.2d 251, 257 (Minn.App.1999) (citing *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988)), *review denied* (Minn. Aug. 18, 1999).

Couillard's claim is nevertheless without merit. Although the warrant authorized a search of Couillard's person and his car, the evidence was seized during a search of the premises. The search of the backpack was incident to a search of the residence, not Couillard's person or car. The search of the backpack was within the scope of the warrant, and Couillard does not have standing to challenge the warrant. Beyond his challenge to the warrant, Couillard has not asserted any authority for the proposition that the search of his backpack violated his rights. Therefore, the evidence found in the backpack was erroneously suppressed.

## DECISION

Although Couillard has standing to challenge the search of his personal property located at a third party's residence, his challenge cannot be based on a challenge to the validity of the warrant issued for a search of the residence because Couillard does not have standing to challenge the warrant. The search of Couillard's backpack was within the scope of the warrant, and the district court erred by suppressing the evidence found in the backpack.

**Reversed and remanded.**